**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

GLENN DANZIG,

Plaintiff(s)

v.

GERALD CAIAFA, et al.,

Defendant(s)

CASE NO. CV-14-2540 RGK (RZx)

**STANDING ORDER REGARDING NEWLY ASSIGNED CASES**

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE.**

This action has been assigned to the calendar of Judge R. Gary Klausner. The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. "To secure the just, speedy, and inexpensive determination of every action," Federal Rule of Civil Procedure 1, all counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure, particularly Federal Rules of Civil Procedure 16, 26, the Local Rules of the Central District of California, this Court's Order for Jury Trial, and this Court's Order

for Court Trial.[1]

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

**1. <u>Service of the Complaint</u>**. The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule. Any Defendant(s) not timely served shall be dismissed from the action without prejudice. Any "DOE" or fictitiously-named Defendant(s) who is not identified and served within 120 days after the case is filed shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**2. <u>Removed Actions</u>**. Any answers filed in state court must be refiled in this Court as a supplement to the petition. Any pending motions must be re-noticed in accordance with Local Rules. If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Federal Rules of Civil Procedure, Rules 7, 7.1, 8, 9, 10 and 11.

**3. <u>Petitions under 18 U.S.C. Section 983(f)</u>.** Petitioner(s) shall file and serve within 3 days of the date of this order an ex parte application requesting a hearing on the Petition to ensure prompt resolution of the Petition in compliance with section

[1]Copies of the Local Rules are available on our website at "http:\\www.cacd.uscourts.gov" or they may be purchased from one of the following:

Los Angeles Daily Journal
915 East 1st Street
Los Angeles, CA 90012

West Group
610 Opperman Drive
P.O. Box 64526
St. Paul, MN 55164-0526

Metropolitan News
210 South Spring Street
Los Angeles, CA 90012

983(f)'s deadlines.

**4. Presence of Lead Counsel.** The attorney attending any proceeding before this Court, including all status and settlement conferences, must be the lead trial counsel.

**5. Discovery.** All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these papers to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

**6. Motions**. Motions shall be filed and set for hearing in accordance with Local Rule 6-1, except that this Court hears motions on Mondays commencing at 9:00 a.m. If Monday is a national holiday, this Court will hear motions on the succeeding Tuesday. If the date the motion was noticed for hearing is not available, the Court will issue a minute order resetting the date. Any opposition or reply papers due on a holiday are due the **preceding** Friday, not the following Tuesday. **Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed**

**20 pages. Replies shall not exceed 10 pages**. Only in rare instances and for good cause shown will the Court agree to extend these page limitations. Pursuant to Local Rule, either a proportionally spaced or monospaced face may be used. A proportionally spaced face must be 14-point or larger, or as the Court may otherwise order. A monospaced face may not contain more than 10½ characters per inch.

Without prior permission from the Court, no party may file more than one motion pursuant to Fed.R.Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

**7. Proposed Orders**. Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**8. Telephonic Hearings.** The Court does not permit appearances or arguments by way of telephone conference calls.

**9. Ex Parte Applications**. The Court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).

Counsel's attention is directed to the Local Rules. The moving party shall serve the opposing party and shall notify the opposition that opposing papers must be filed not later than 3:00 p.m. on the first business day following service. If counsel does not intend to oppose an ex parte application, he or she must inform the Courtroom Deputy Clerk at (213) 894-2649.

**10. Continuances**. This Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will

rarely be changed. Therefore, a stipulation to continue the date of any matter before this Court **must** be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulations continuing dates set by this Court will not be approved. Counsel requesting a continuance must lodge a proposed stipulation and order including a **detailed** declaration of the grounds for the requested continuance or extension of time. See Local Rules. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel wishing to know whether a stipulation has been signed shall comply with the applicable Local Rule.

**11. Communications with Chambers**. Counsel shall not attempt to contact the Court or its staff by telephone or by any other ex parte means. Counsel may contact the Courtroom Deputy Clerk with appropriate inquiries only. Counsel shall not contact the Courtroom Deputy regarding status of ex parte application/ruling or stipulation/ruling.

**12. Order Setting Scheduling Conference.** Pursuant to Federal Rule of Civil Procedure 16(b), the Court will issue an Order setting a Scheduling Conference as required by Federal Rule of Civil Procedure 26 and the Local Rules of this Court. Strict compliance with Federal Rules of Civil Procedure 16 and 26 is required.

**13. Notice of this Order**. Counsel for plaintiff or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

**14. Courtesy Copies**: Courtesy copies are not required with documents filed traditionally over the intake counter. Courtesy copies are required for documents filed electronically and shall be delivered to the judge's courtesy copy drop box located

outside of the Clerk's Office, Room 181L, no later than the following business day.

**15. <u>Applications to File Documents Under Seal</u>**: For detailed instructions and information on the pilot project regarding the submission of sealed documents, please refer to the judge's procedures and schedules on the Court's website. All applications must provide reasons(s) as to why the parties' interest to file the documents(s) under seal outweighs the public's right to access. All applications must also indicate which portions of the documents to be filed under seal are confidential. If a party submits an application to file under seal pursuant to a protective order only (i.e., no other reason is given), **the application will be denied** unless the Court receives within 48 hours from the notice of filing a document providing (1) the reasons the document should be filed under seal; and (2) the portions within the document that are confidential. This document shall be entitled: "ADDENDUM TO APPLICATION TO FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER".

DATED: APRIL 8, 2014

R. GARY KLAUSNER
United States District Judge