**EXHIBIT 1**

# Yvette Toko

**From:** Steve Rothschild
**Sent:** Monday, December 15, 2014 12:57 PM
**To:** curtis.krasik@klgates.com
**Cc:** Peter Paterno; Joe Carlone
**Subject:** Trademark and reunion discussion

Curt:

    This shall confirm our settlement discussion today and is subject to EC 408. I suggested the following:

1. Glenn and Jerry agree to a number of reunion shows to be negotiated, and split net Misfits guarantees and other proceeds (including merch) 60 (Glenn)/40 (Jerry).
2. Other band members, including Doyle, be paid as employees.
3. Jerry agrees that Glenn has equal rights to exploit the marks, and to advise Hot Topic of same.
4. Glenn will consider not competing with Jerry for Hot Topic's business for a reasonable period to be negotiated. You mentioned that previous negotiations included a possible lump sum payment to Jerry. That might be a possibility if the parties agree that Glenn can sell Misfits designs to Hot Topic immediately.
5. Another possibility I didn't mention, but that could benefit both sides: Glenn and Jerry agree to enter into an agreement with a major merchandiser jointly, which would put them in a better bargaining position than they are now. I understand that there are ways to address any existing merchandising commitments Jerry has that are not terminable at will.

    I also want to reiterate our position on damages. The court held that Glenn stated a claim that Jerry prevented Glenn from doing business with Hot Topic by falsely representing that Glenn has no rights in the marks. If he prevails and can show that, but for Jerry's misrepresentations, Hot Topic would have done business with him (as we are certain it would have done), Jerry will be liable to Glenn for the revenues Glenn would have received had Hot Topic done business with him for at least the last three years. One measure of those damages is Jerry's revenues for selling goods that Glenn would have sold but for Jerry's misrepresentation.

    Your statement that we have not expressly alleged trade liable and, therefore, are not entitled to use Jerry's Hot Topic revenues as a measure of damages, is incorrect. Jerry's revenues obviously are evidence of what Glenn would have received, regardless of the theory of the case. In addition, the Court specifically held that Glenn has alleged trade libel as the underlying basis for his interference claim. Trade libel is part of this case. Pleadings also can always be amended—even at trial—to conform to proof. Of course, if Glenn prevails, Jerry also will face exposure for punitive damages.

    Jerry's Lanham Act claim also puts him at risk of having to pay Glenn's attorney fees, as the Lanham Act provides. Glenn did not perform "as the Misfits." He performed Misfits songs that he wrote. Nothing prohibits that. Please also note that, since Doyle performed with Glenn, Glenn will have to file a counterclaim for contribution from Doyle in the extremely unlikely event that a jury were to find that performing Misfits songs is the same as performing as the Misfits.

1

Stephen D. Rothschild
King, Holmes, Paterno & Berliner LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8986
Facsimile:   310-282-8903
Email:          rothschild@khpblaw.com