**EXHIBIT 3**

# Yvette Toko

**From:** Steve Rothschild
**Sent:** Monday, December 22, 2014 1:24 PM
**To:** 'Krasik, Curtis B.'
**Subject:** RE: Danzig v. Cyclopian

Curt—

Sorry not to get back to you earlier—I've been inundated and also not feeling well. I'm surprised you aren't willing to stipulate to extend the discovery cutoff to accommodate meaningful settlement discussions, especially since the Court took so long to rule on your motion and you just filed your counterclaim. Still, since Christina actually clerked for the judge and doesn't want to be seen asking for an extension, I certainly don't want to be the one to make the bad impression. So, I guess we're at a stalemate on that unless you change your mind and decide a modest amount of embarrassment is worth trying to save our clients the acrimony and expense of dealing with discovery while we try to settle the case.

Based on some of your comments in our last few conversations, I expect you to object to producing a great deal of the information we believe is relevant. I suggest that you take the time to gather the information responsive to our discovery anyway, since there will be no time for delay when the Court orders your client to produce it in the event settlement discussions are unsuccessful.

Anyhow, here's the response:

Curt:

Following up on our last conversation, I've pasted the terms you proposed below and added Glenn's responses. Obviously this all is subject to negotiation and execution of a written agreement with specific terms.

Turning to the specific settlement terms you proposed, they are not acceptable; however, Cyclopian proposes the following counter-offer:

1. Agreement on a number of reunion shows to be negotiated, and split all proceeds (including merch for the tour as well as a potential new commercial line of reunion-specific merch to be sold at retail) 50/50. Ok.

2. We agree with your proposal that other band members, including Doyle, will be paid as employees. Ok.

3. Cyclopian agrees to Danzig's co-ownership of the Misfits word mark and Misfits horror font logo. Ok.

1

4. Cyclopian agrees to grant Danzig a perpetual (for his lifetime), non-exclusive, non-transferrable license to the Fiend Skull (without alteration or derogatory usage), in consideration for which Danzig will pay Cyclopian 20% of revenues on Fiend Skull merch; as a Cyclopian-licensee, Danzig (as well as any authorized Danzig-licensees) would have the ability to sell Fiend Skull merch to Hot Topic.  A license concept could work.  As we discussed, I don't think "without alternation" is workable since Danzig will want to do his own designs different from Only's; however, as we also discussed, an appropriately worded mutual obligation not to devalue the mark would be acceptable.  Any license would have to be transferable as part of an estate plan (e.g., by will, to a trust, or to a holding entity); and Danzig should not be prohibited from transferring his rights to a third party in the event that Cyclopian transfers its rights to a third party.  Danzig is not willing to pay Only a percentage of his profits.  I am fairly sure he will agree to a $30,000 lump sum payment.

5. The settlement agreement will need to build in protections to ensure that Danzig follows through on his commitments with respect to the reunion shows in order to receive the foregoing trademark rights (e.g., liquidated damages or vesting of the trademark rights after the reunion shows).  I need to discuss this with my client.  If the parties agree to a liquidated damages provision it would have to be bilateral.  If the penalty is Danzig losing his rights in the trademark, he would need to retain his right to reassert his claims and the parties would have to agree to toll applicable statutes of limitations as of the filing of the pending lawsuit.  That said, I really don't think this will be an issue as Danzig wants to do the reunion shows.


Have a great holiday season.



Steve




Stephen D. Rothschild
King, Holmes, Paterno & Berliner LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8986
Facsimile:  310-282-8903
Email:       rothschild@khpblaw.com

From: Krasik, Curtis B. [mailto:Curtis.Krasik@klgates.com]
Sent: Monday, December 22, 2014 11:42 AM
To: Steve Rothschild
Cc: Krasik, Curtis B.
Subject: Danzig v. Cyclopian



Steve,

2

Just a reminder that I am waiting for you to send me an email confirming your client's position on the settlement issues we discussed on Friday. Thank you.

Regarding discovery, we will be serving on you today our written discovery. Given the existing discovery deadline (and, we think, the near-certainty that Judge Klausner will not grant any extension of discovery), it is our view that we need to get it served now. In that regard, as I've indicated to you in the past we do not oppose your filing a motion to extend discovery -- and you can indicate that it is unopposed -- but we do not want to join in such a motion.

<http://www.klgates.com/>

Curt Krasik
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412.355.8696
Fax: 412.355.6501

curtis.krasik@klgates.com

www.klgates.com <http://www.klgates.com/>

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.