**EXHIBIT 6**

## Steve Rothschild

**From:**       Steve Rothschild
**Sent:**       Thursday, January 29, 2015 8:05 PM
**To:**         curtis.krasik@klgates.com
**Subject:**    Danzig v. Caiafa

Curt:

During our call today, you took the position that we could not prove that the Misfits Skull was a Misfits logo within the meaning of the 1995 settlement agreement because the only "artwork" incorporating the design from the classic period consisted of album covers and the Crimson Ghost.

Please review the 1983 video at http://article.wn.com/view/2009/06/26/When_the_Evening_Comes_LIVE/, which is of a 1983 Misfits performance with a backdrop showing large skull images without the Crimson Ghost or any other regalia. I found countless other examples showing the band and other images with many different iterations of the Misfits Skull, which, pursuant to FRE 910(a)(4), are self-authenticating as to when they were taken and proper subjects for judicial notice pursuant to FRE 201(a)(2). Our respective clients also will testify that they recognize them. The metadata to the video also contains tags reflecting the 1983 date.

The 1995 agreement unambiguously provides, "[t]he parties shall be co-owners of the name and trademarks of the Misfits and all logo(s) and artwork … previously associated therewith." Your client cannot dispute that the skull in the 1983 video is associated with the Misfits.

Accordingly, Mr. Caiafa's representations to Hot Topic in 2003 and thereafter, that "Cyclopian is the exclusive owner of certain intellectual properties of the band known as the Misfits, including … a design depicting an image of a skeleton, which the Misfits refer to as 'Fiend Skull,'" were knowingly false. Mr. Caiafa himself appears in the video and in the multitude of other photographs and videos with our client showing the classic Misfits with the Skull. The only way a reasonable factfinder could find, as you suggested the other day, that the false statement in the 2003 Hot Topic agreement was merely an "opinion" or a good faith error, is if you show that Mr. Caiafa has amnesia. This is the rare business litigation case where punitive damages are within the realm of possibility.

Turning to your cross-complaint, paragraph 7 of the settlement agreement only prohibits our client from actually performing as "The Misfits." Advertising that he will be performing a set of Misfits songs that he wrote is not performing as "The Misfits" under any stretch of the imagination. The counterclaim is a tactical maneuver with no colorable merit, and will justify an award of attorney fees to our client if this case goes to trial.

Steve

Stephen D. Rothschild
King, Holmes, Paterno & Berliner LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8986
Facsimile:  310-282-8903
Email:     rothschild@khpblaw.com