**EXHIBIT 7**

## Yvette Toko

| | |
|---|---|
| **From:** | Steve Rothschild |
| **Sent:** | Friday, January 30, 2015 4:39 PM |
| **To:** | 'Krasik, Curtis B.' |
| **Subject:** | RE: FOR SETTLEMENT PURPOSES ONLY |

Curtis:

I am reviewing your latest proposal.

Addressing the arguments in your first paragraph, the Court either will change its ruling on the contract claim to conform to proof once it has Hot Topic's testimony verifying that your client induced it not to do business with our client by falsely stating that he had the exclusive right to exploit the marks, or will be reversed on appeal. Regardless, the Court's ruling on the contract issue was based on an assumption that lying in order to obtain an exclusive dealership arrangement did not breach the settlement agreement. The ruling does not affect the validity or enforceability of paragraph 5 the 1995 agreement itself. In addition, I trust that your review of the 1983 video I sent you yesterday has disabused you of the notion that the Misfits Skull was not a "logo … previously associated [with the Misfits]." Therefore, in the unlikely event that your client's knowing misrepresentations to Hot Topic do not result in a plaintiff's verdict in the litigation, your client's exclusive ownership claims will still fail in the TTAB proceedings.

Stephen D. Rothschild
King, Holmes, Paterno & Berliner LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8986
Facsimile:   310-282-8903
Email:        rothschild@khpblaw.com

**From:** Krasik, Curtis B. [mailto:Curtis.Krasik@klgates.com]
**Sent:** Friday, January 30, 2015 2:59 AM
**To:** Steve Rothschild
**Cc:** Krasik, Curtis B.
**Subject:** FOR SETTLEMENT PURPOSES ONLY

FOR SETTLEMENT PURPOSES ONLY

Steve,
As I said in our call last night, I have had extensive discussions with my client to put together a settlement proposal that attempts to address the prior issues you have raised. Needless to say, my client will be less inclined to make the compromises reflected in the proposal below if we are forced to incur the time and expense of depositions and filing motions for summary judgment. So we need to expeditiously determine how we are going to proceed. Regarding summary judgment, despite your persistent attempts to mischaracterize the issues in the lawsuit and pretend that the court did not gut your complaint in its motion to dismiss rulings, all of your clams alleging that my clients somehow breached the 1994 settlement agreement have been dismissed with prejudice, and those rulings will now be used to put a final bullet in the opposition actions pending in the TTAB. You are left with only a tortious interference claim with respect to a single retailer that survived a motion to dismiss only because the court declined to consider Cyclopian's long-preexisting settlement agreement with Hot Topic, having nothing whatsoever to do with Danzig, which obligated Hot Topic to purchase Fiend Skull merchandise exclusively from Cyclopian or its licensees. We are confident that when the court is able to consider that settlement agreement on summary judgment, it clearly will bar your tortious interference claim.

My client would be willing to settle all litigation with your client on the following principal terms.  Please advise.

**DRAFT**

1.  The parties agree to perform a specific minimum number of Misfits reunion shows (to be agreed upon in writing in connection with settlement) and to release at least one reunion album to coincide with the 40th anniversary of the band.  The parties shall split all proceeds (including merch for the tour as well as any reunion-specific merch to be sold at retail) from any such reunion endeavors 50/50 after deduction of expenses.  If either side fails to perform the agreed-upon number of reunion shows, the party who fails to perform shall pay the other party liquidated damages in the amount of $250,000.  The payment of such liquidated damages is without prejudice to any other remedies a party may have at law or in equity.

2.  The parties agree to share all expenses related to reunion endeavors 50/50 unless otherwise mutually agreed in writing (e.g., in the event a third party will pay).  Any other performers will be paid as employees.

3.  Cyclopian agrees to Danzig's co-ownership of the Misfits word mark, the Misfits horror font logo, and the Fiend Skull in connection with consumer merchandise, including any existing or future trademark registrations relating thereto in Classes 14, 25 and 28.  In consideration for the foregoing, Danzig shall pay Cyclopian a one-time lump sum payment of $75,000.  Each party agrees not to use any of the Misfits marks in a derogatory manner or in any way that would diminish the commercial value of any of the Misfits marks.  For the avoidance of doubt, notwithstanding the reunion endeavors described herein, Cyclopian shall continue to have the exclusive right to publicly perform and record as the Misfits pursuant to the parties' 1994 settlement agreement, in connection with which Cyclopian shall continue to exclusively own the Misfits word mark, the Misfits horror font logo, and the Fiend Skull in Classes 9, 16 and 41.

4.  Cyclopian shall enter into a non-exclusive license with Live Nation with respect to its rights in Misfits intellectual property, including, without limitation rights in the Misfits word mark, the Misfits horror font logo, and the Fiend Skull.  Danzig represents that he granted an exclusive license to Live Nation with respect to his rights in Misfits intellectual property that expires on _____.  With regard to merch depicting Misfits intellectual property sold/licensed by Live Nation, the parties agree as follows:

    a.  Merch depicting '77-'83 era Misfits designs sold/licensed by Live Nation shall be split 50/50.
    b.  Merch depicting the Fiend Skull or derivatives sold/licensed by Live Nation shall be split 50/50; provided, however, Cyclopian shall be paid 100% on merch depicting Fiend Skull derivatives relating to activities of the band post '95 settlement not involving Danzig.
    c.  Merch depicting reunion-specific Misfits designs sold/licensed by Live Nation shall be split 50/50.
    d.  Merch depicting new Misfits designs created by Cyclopian post '95 settlement sold/licensed by Live Nation, Cyclopian shall be paid 100%; Merch depicting new Misfits designs created by Danzig post '95 settlement sold/licensed by Live Nation, Danzig shall be paid 100%.
    e.  Danzig shall not depict any Misfits intellectual property in association with any Samhain or Danzig intellectual property.

The terms of paragraph 4 shall apply to any new license between Danzig and Live Nation for the sale/license of merch depicting Misfits intellectual property or a license between Danzig and any other person or entity for the sale/license of merch depicting Misfits intellectual property.

5.  With regard to the license/sale of merch depicting Misfits intellectual property under license by Cyclopian through any person or entity other than Live Nation, Cyclopian shall be paid 100%.

6.  Live Nation shall be authorized to sell merch depicting the Fiend Skull to Hot Topic under Cyclopian's settlement agreement with Hot Topic dated as of April 18, 2003.

7. Each party shall dismiss with prejudice all claims and counterclaims in the federal court action. Danzig will dismiss with prejudice all opposition/cancellation actions in the TTAB.

8. Mutual releases of all claims arising from facts or circumstances existing as of the date of settlement, including, without limitation all claims actually asserted or which could have been asserted in the federal court litigation and/or the TTAB proceedings.

9. Agreement on a mutually-acceptable written settlement agreement.

**K&L GATES**

**Curt Krasik**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.

3