

**EXHIBIT 12**

# Yvette Toko

| | |
|---|---|
| **From:** | Steve Rothschild |
| **Sent:** | Tuesday, February 10, 2015 6:44 PM |
| **To:** | 'Krasik, Curtis B.' |
| **Cc:** | Peter Paterno; Joe Carlone |
| **Subject:** | RE: Settlement Proposal |

Your paragraph 8 seems to provide that if Cyclopian does not enter into a merch agreement with a successor merchandiser that Danzig contracts with, it will not allow Hot Topic to buy the Skull design from the new merchandiser. Is that a correct reading?  Also, as to the Misfits word and horror font marks, is your client's position that Hot Topic cannot do business with successor Danzig merchandisers?


98.     Live Nation and Danzigor any successor-licensee to which Cyclopian grants a non-exclusive license shall be authorized to sell merch depicting the Fiend Skull to Hot Topic notwithstandingunder Cyclopian's settlement agreement with Hot Topic dated as of April 18, 2003, and Hot Topic shall no longer be bound by the 2003 agreement with respect to Danzig and his merchandisers and/or licensees.


From: Krasik, Curtis B. [mailto:Curtis.Krasik@klgates.com]
Sent: Tuesday, February 10, 2015 5:39 PM
To: Steve Rothschild
Subject: RE: Settlement Proposal


Yes, subject to our proposal under Paragraph 5(f) that the parties would continue to split profits 50/50 under any new license if Cyclopian agrees to grant Live Nation or such other merchandiser(s) a nonexclusive license.


From: Steve Rothschild [mailto:Rothschild@khpblaw.com]
Sent: Tuesday, February 10, 2015 8:26 PM
To: Krasik, Curtis B.
Subject: Re: Settlement Proposal


Is that the same for the skull?

Stephen Rothschild


On Feb 10, 2015, at 5:17 PM, Krasik, Curtis B. <Curtis.Krasik@klgates.com> wrote:

1

Steve,

If I understand your question correctly, no, that is not correct. Under Paragraph 3, your client (through the jointly-owned entity) would co-own the Misfits word mark and horror font logo in connection with commercial merchandise. Under Paragraph 5, we have proposed that except with respect to the limited production skateboard license you described, your client would exclusively grant merchandising rights to Live Nation for the duration of his existing license with Live Nation. After the expiration of that license, there is no restriction on his right to license those marks to another merchandiser.

From: Steve Rothschild [mailto:Rothschild@khpblaw.com]
Sent: Tuesday, February 10, 2015 7:53 PM
To: Krasik, Curtis B.
Subject: RE: Settlement Proposal

That is, with respect to pre-1995 designs.

Stephen D. Rothschild
King, Holmes, Paterno & Berliner LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8986
Facsimile: 310-282-8903
Email: rothschild@khpblaw.com

From: Steve Rothschild
Sent: Tuesday, February 10, 2015 4:51 PM
To: 'Krasik, Curtis B.'
Subject: RE: Settlement Proposal

Curt:

Your proposal appears not to give our client any rights in the Misfits word or font marks if he does business through a merchandiser other than Live Nation. Was that intentional?

Stephen D. Rothschild
King, Holmes, Paterno & Berliner LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8986
Facsimile: 310-282-8903

Email: rothschild@khpblaw.com

From: Krasik, Curtis B. [mailto:Curtis.Krasik@klgates.com]
Sent: Tuesday, February 10, 2015 2:22 PM
To: Steve Rothschild
Cc: Krasik, Curtis B.
Subject: Settlement Proposal

Steve,

Per our discussion, attached are revised clean and redline versions that I think answer your questions -- Misfits designs does not include the Fiend Skull so I deleted that defined term. Paragraph 5(f) describes the split of royalties on Fiend Skull merch and Paragraph 5(g) describes royalties on post-1995 Misfits designs not including the Fiend Skull. Please let me know if you want to discuss further.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.-4

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.-4

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.-4