**EXHIBIT 14**

1

**K&L GATES LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222
Telephone: 412.355.6500
Facsimile: 412.355.6501

Curtis B. Krasik (*pro hac vice*)
curtis.krasik@klgates.com
Christopher M. Verdini (*pro hac vice*)
christopher.verdini@klgates.com

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Seth A. Gold (SBN 163220)
seth.gold@klgates.com
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com

Attorneys for Defendants Gerard Caiafa
And Cyclopian Music, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DANZIG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD CAIAFA, an individual;<br>CYCLOPIAN MUSIC, INC., a<br>corporation; and DOES 1 through 10,<br>inclusive,<br><br>Defendants. | Case No. 14-CV-02540 RGK (RZx)<br><br>**DEFENDANTS' OBJECTIONS AND<br>RESPONSES TO PLAINTIFF'S<br>FIRST REQUEST FOR<br>PRODUCTION** |

1

1   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants

2   Gerard Caiafa and Cyclopian Music, Inc. (collectively, "Defendants") hereby respond

3   to Plaintiff Glenn Danzig's ("Plaintiff") First Set of Requests for Production (the

4   "Requests").

5                              **PRELIMINARY STATEMENT**

6        The following responses and objections to the Requests are each made on the

7   basis of the information that is presently known and available to Defendants and their

8   attorneys, and include hearsay information and other data inadmissible in evidence at

9   trial although it may be discoverable.  Defendants' discovery, investigation, and

10  preparation for trial are not yet completed and are continuing as of the date of this

11  response.  Accordingly, the responses and objections set forth below represent only

12  information currently available and known following a reasonable investigation within

13  the time and resources available.  Defendants expressly reserve the right to continue

14  discovery and investigation herein for facts, documents, witnesses, and supplemental

15  data that may reveal information that, if presently within Defendants' knowledge,

16  would have been included in these objections and responses.  Defendants also

17  expressly reserve the right to present additional information as may be disclosed

18  through continuing investigation and discovery.  These responses and objections are

19  made solely for purposes of discovery in this action.

20                               **GENERAL OBJECTIONS**

21        In addition to the specific objections that may be contained within Defendants'

22  responses to the Requests, each response herein is made subject to the following

23  General Objections, whether or not specifically referenced in those responses.  No

24  waiver, express or implied, of any of Defendants' General Objections is intended or

25  should be inferred by the nature of any individual objection or response.

26        1.    Defendants object to the Requests to the extent they seek information

27  and/or documents that are or may be protected from disclosure, including on the basis

28  of the attorney-client privilege, the work product doctrine, tax privilege, expert

2

privilege, and any other applicable privilege or bases for protection under Rule 26 of the Federal Rules of Civil Procedure or other applicable law.  Any inadvertent disclosure of such information, or documents reflecting such information, shall not be deemed a waiver of any such privilege or protection.

2.  Defendants object to providing any requested documents or information to the extent that searching for, and/or providing, such documents or information would be oppressive, unduly burdensome, and unreasonably expensive or would require an unreasonable investigation on the part of Defendants.  In responding to the Requests, Defendants have made a reasonable inquiry and search of material and information that are in their possession, custody, or control in those places where information responsive to the Requests is most likely to be found.  To the extent Plaintiff seeks to require Defendants to undertake any action beyond that described above, Defendants object to the Requests as unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, harassing and seeking documents and information not within Defendants' possession, custody, or control.

3.  Defendants object to the Requests to the extent that they seek "all" documents or materials of a certain description where it would be unduly burdensome to search for and produce "all" documents or materials technically responsive to those Requests.  Defendants will not produce "all" documents where it would be unduly burdensome to do so but will provide documents reasonably sufficient to respond to the subject matter of the Requests.

4.  Defendants object to the Requests to the extent that they are not limited in time and/or call for the production of documents outside the applicable statute of limitations and, therefore, are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5.  Defendants object to the Requests to the extent that they attempt to alter the plain meaning or understanding of any term or attempt to impose obligations on

3

1    Defendants that are inconsistent with and/or in addition to those required under the

2    Federal Rules of Civil Procedure.

3        6.      Defendants object to the definition of "you" and "your," as overbroad and

4    unduly burdensome to the extent that it seeks to encompass documents and things

5    outside the custody and control of the Defendants in this action. Defendants also

6    object to this definition because it includes Caiafa and/or Cyclopian's "attorneys" and,

7    thus, seeks information protected by the attorney-client privilege and work product

8    doctrine. Defendants also object to this definition because it include "accountants"

9    and, thus, may seek information protected by the tax privilege.

10       7.      Defendants object to the Requests to the extent that they are vague or

11   ambiguous, fail to describe the documents sought with sufficient particularity to allow

12   for a meaningful response by Defendants, or contain undefined terms which are

13   material to Defendants' understanding of the Requests.

14       8.      Defendants object to the Requests to the extent that they seek information

15   and/or documents already in Plaintiff's possession.

16       9.      Defendants object to the Requests to the extent that they seek information

17   and/or documents that are a matter of public record and/or are equally accessible and

18   available to Plaintiff from examination of public records.

19       10.     Defendants object to the Requests to the extent that they seek information

20   and/or documents outside of Defendants' possession, custody or control.

21       11.     Defendants object to the Requests to the extent that they seek disclosure

22   of information that may be confidential, proprietary, commercially sensitive, or trade

23   secret information. Defendants object to providing any such documents and/or

24   information in the absence of a mutually-agreeable protective order protecting

25   Defendants' confidentiality rights in such document or information and limiting their

26   use to this action. Accordingly, Defendants' agreement to produce documents and

27   information that are or contain confidential, proprietary, commercially sensitive, or

28

Defendants' Responses to Plaintiff's First Set of Requests for Production

1  trade secret information shall mean upon entry of such a mutually-agreeable protective

2  order, which to date Plaintiff has refused to enter into.

3      12.    Defendants object to the Requests to the extent they seek the disclosure of

4  information protected by the right of privacy or any analogous right of Defendants, its

5  employees, and/or or any other third parties under California and federal law.

6      13.    To the extent that Defendants do not object in whole or in part to a

7  Request and respond that they will produce documents in response to that Request,

8  such response is not a representation by Defendants that any such documents exist but

9  that if such documents do exist and are located after a reasonably diligent search,

10  Defendants will produce those documents subject to their objections.

11      14.    Defendants' investigation of facts and discovery of documents relating to

12  this action is continuing.  Defendants' objections and responses to the Requests are

13  based only upon such information available to and known to Defendants at the time of

14  response.  Defendants reserve the right to modify and/or supplement any and all of

15  their objections and responses to the Requests as additional information and/or

16  documents are obtained or become available or known to Defendants.

17      15.    Without waiving or limiting the foregoing General Objections, or any of

18  the Specific Objections set forth herein, Defendants provide the responses below,

19  preserving and intending to preserve:

20          a. the right to object to, *inter alia*, the relevancy, materiality, privilege or

21             admissibility of evidence and/or any subject thereof;

22          b. the right to object on any ground to the use of evidence and/or the

23             information contained therein in any proceeding; and

24          c. the right to object, upon any ground, to any demand for further responses

25             to the Requests or to any other discovery request involving or relating to

26             the subject matter of the Requests to which answers are herein or hereafter

27             given.

28

5

Defendants' Responses to Plaintiff's First Set of Requests for Production

1    **SPECIFIC RESPONSES AND OBJECTIONS**

2        Defendants incorporate by reference, as if set forth therein, each of the foregoing

3    General Objections in the following responses.

4    **REQUEST FOR PRODUCTION NO. 1:**

5        If you deny that it was plaintiff's original idea to use the Fiend Skull design in

6    connection with the Misfits, all writings that support that denial.  (For purposes of

7    these requests, "writings" include, but are not limited to, writings, recordings,

8    photographs, originals and duplicates as those terms are defined in FRE 1001, whether

9    stored in physical, electronic, or any other form.  For purposes of these requests, "you"

10   and "your" mean, individually and collectively, Caiafa and Cyclopian, and any person

11   or entity acting on behalf of either or both of them including, but not limited to, any

12   manager, agent, attorney, accountant, or merchandiser.)

13   **RESPONSE:**

14       In addition to the General Objections, Defendants object to Request No. 1 on the

15   grounds that it is vague and ambiguous as to the phrase "in connection with the

16   Misfits."  Defendants also object to Request No. 1 on the grounds that it is overbroad,

17   unduly burdensome and calls for the production of documents that are not relevant to

18   any claim or defense in this action and not reasonably calculated to lead to the

19   discovery of admissible evidence.  Defendants further object to this Request to the

20   extent that it seeks documents or information protected by the attorney-client privilege

21   and/or work product immunity.

22       Subject to and without waiving the foregoing General and Specific Objections,

23   Defendants, upon entry of an appropriate confidentiality order, will produce

24   responsive, non-privileged documents, if any, found after reasonable investigation and

25   which were not previously provided to or by Plaintiff in the trademark Opposition and

26   Cancellation proceedings pending before the Trademark Trial and Appeal Board.

27

28

6

Defendants' Responses to Plaintiff's First Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 2:**

If you contend that any person or entity other than plaintiff first incorporated the Fiend Skull design for use in connection with the Misfits before plaintiff did so, all writings that support that contention.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 2 on the grounds that it is vague and ambiguous as to the phrase "in connection with the Misfits." Defendants further object to Request No. 2 on the grounds that it is based on a false premise. Defendants also object to Request No. 2 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

**REQUEST FOR PRODUCTION NO. 3:**

If you contend that the Fiend Skull design was not associated [sic] the Misfits when plaintiff was a member of the group, all writings that support that contention.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 3 on the grounds that it is vague and ambiguous as to the phrase "was not associated [with] the Misfits . . . ." Defendants further object to Request No. 3 on the ground that it seeks documents that are already in Plaintiff's possession, custody or control and/or are matters of public record that are equally available and accessible to Plaintiff. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product doctrine. Defendants also object to Request No. 3 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense

Defendants' Responses to Plaintiff's First Set of Requests for Production

1   in this action and not reasonably calculated to lead to the discovery of admissible

2   evidence.

3     Subject to and without waiving the foregoing General and Specific Objections,

4   Defendants, upon entry of an appropriate confidentiality order, will produce

5   responsive, non-privileged documents, if any, found after reasonable investigation and

6   which were not previously provided to or by Plaintiff in the trademark Opposition and

7   Cancellation proceedings pending before the Trademark Trial and Appeal Board.

8   **REQUEST FOR PRODUCTION NO. 4:**

9     If you contend that plaintiff abandoned any right to commercially exploit the

10  Fiend Skull design, all writings that support that contention.

11  **RESPONSE:**

12    In addition to the General Objections, Defendants object to Request No. 4 on the

13  ground that it seeks documents that are already in Plaintiff's possession, custody or

14  control and/or are matters of public record that are equally available and accessible to

15  Plaintiff.  Defendants further object to this Request to the extent that it seeks

16  documents or information protected by the attorney-client privilege and/or work

17  product immunity.

18    Subject to and without waiving the foregoing General and Specific Objections,

19  Defendants, upon entry of an appropriate confidentiality order, will produce

20  responsive, non-privileged documents, if any, found after reasonable investigation and

21  which were not provided to and/or by Plaintiff in the trademark Opposition and

22  Cancellation proceedings pending before the Trademark Trial and Appeal Board.

23  **REQUEST FOR PRODUCTION NO. 5:**

24    All writings that refer or relate to the creation of the Fiend Skull design as used

25  in connection with the Misfits.

26  **RESPONSE:**

27    In addition to the General Objections, Defendants object to Request No. 5 on the

28  grounds that it is vague and ambiguous as to the use of the undefined phrases "creation

8

---

Defendants' Responses to Plaintiff's First Set of Requests for Production

of" and "the Misfits."  Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants further object to Request No. 5 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after reasonable investigation and which were not provided to and/or by Plaintiff in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 6:**

All writings that refer or relate to the creation of the Misfits "Horror Font" logo and other related designs, logos and artwork including, but not limited to, U.S. Trademark Registration Nos. 2,634,215 and 2,735,848 (individually and collectively, the "Misfits Marks").

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 6 on the grounds that it is vague and ambiguous as to the use of the undefined phrase "creation of." Defendants further object to Request No. 6 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

**REQUEST FOR PRODUCTION NO. 7:**

If you contend that you created any of the Misfits Marks, all writings that you contend support that contention.

Defendants' Responses to Plaintiff's First Set of Requests for Production

1 **RESPONSE:**

2      In addition to the General Objections, Defendants object to Request No. 7 on the

3 grounds that it is vague and ambiguous as to the use of the undefined word "created."

4 Defendants further object to Request No. 7 on the grounds that it is overbroad, unduly

5 burdensome and calls for the production of documents that are not relevant to any

6 claim or defense in this action and not reasonably calculated to lead to the discovery of

7 admissible evidence.  Defendants further object to this Request to the extent that it

8 seeks documents or information protected by the attorney-client privilege and/or work

9 product immunity.

10 **REQUEST FOR PRODUCTION NO. 8:**

11      If you contend that plaintiff abandoned any right to commercially exploit any

12 Misfits Mark, all writings that support that contention.

13 **RESPONSE:**

14      In addition to the General Objections, Defendants object to Request No. 8 on the

15 ground that it seeks documents that are already in Plaintiff's possession, custody or

16 control and/or are matters of public record that are equally available and accessible to

17 Plaintiff.  Defendants further object to Request No. 8 on the grounds that it is

18 overbroad, unduly burdensome and calls for the production of documents that are not

19 relevant to any claim or defense in this action and not reasonably calculated to lead to

20 the discovery of admissible evidence.  Defendants further object to this Request to the

21 extent that it seeks documents or information protected by the attorney-client privilege

22 and/or work product immunity.

23 **REQUEST FOR PRODUCTION NO. 9:**

24      Your complete file concerning the lawsuit entitled *Gerald Caiafa, Paul Caiafa,*

25 *Frank Licata and Julio Valverde v. Glenn Anzalone p/k/a Danzig and dba Plan 9*

26 *Records and Caroline Records, Inc.*, 92 Civ. 6908 (LP) (the "Lawsuit") including, but

27 not limited to, all pleadings, correspondence, discovery requests, discovery responses,

28 deposition transcripts, hearing transcripts, settlement briefs, and all other material

1   produced, propounded, filed, exchanged or communicated by the parties in the course

2   of or in connection with the 1992 Lawsuit, whether informally or formally through

3   discovery or otherwise.

4   **RESPONSE:**

5        In addition to the General Objections, Defendants object to Request No. 9 on the

6   ground that it seeks documents that are already in Plaintiff's possession, custody or

7   control. Defendants further object to this Request to the extent that it seeks documents

8   or information protected by the attorney-client privilege and/or work product

9   immunity. Defendants also object to Request No. 9 on the grounds that it is overbroad,

10  unduly burdensome and calls for the production of documents that are not relevant to

11  any claim or defense in this action and not reasonably calculated to lead to the

12  discovery of admissible evidence.

13  **REQUEST FOR PRODUCTION NO. 10:**

14       All writings that refer or relate to the settlement agreement dated as of

15  December 31, 1994 (the "Agreement"), including, but not limited to, the Agreement,

16  all drafts of the Agreement, all writings relating to or reflecting negotiations of the

17  Agreement, and all "marked up" drafts of the Agreement.

18  **RESPONSE:**

19       In addition to the General Objections, Defendants object to Request No. 10 on

20  the ground that it seeks documents that are already in Plaintiff's possession, custody or

21  control. Defendants further object to this Request to the extent that it seeks documents

22  or information protected by the attorney-client privilege and/or work product

23  immunity. Defendants also object to Request No. 10 on the grounds that it is

24  overbroad, unduly burdensome and calls for the production of documents that are not

25  relevant to any claim or defense in this action and not reasonably calculated to lead to

26  the discovery of admissible evidence.

27

28

11

Defendants' Responses to Plaintiff's First Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 11:**

All writings that discuss, reflect or communicate any terms of the Agreement, including, but not limited to, all writings between you, on the one hand, and on the other hand, plaintiff or any representative of plaintiff, and all writings between you and any third party.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 11 on the ground that it seeks documents that are already in Plaintiff's possession, custody or control. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants also object to Request No. 11 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 12:**

All writings referring to the Agreement and rights to use the Misfits Marks.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 12 to the extent that it seeks documentation or other information protected by the attorney-client privilege and/or work product immunity. Defendants further object to Request No. 12 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 13:**

All writings referring to the Agreement and rights to use the Fiend Skull design.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 13 on the ground that it seeks documents that are already in Plaintiff's possession, custody or

12

Defendants' Responses to Plaintiff's First Set of Requests for Production

1   control.  Defendants further object to this Request to the extent that it seeks documents

2   or information protected by the attorney-client privilege and/or work product

3   immunity.  Defendants also object to Request No. 13 on the grounds that it is

4   overbroad, unduly burdensome and calls for the production of documents that are not

5   relevant to any claim or defense in this action and not reasonably calculated to lead to

6   the discovery of admissible evidence.

7        Subject to and without waiving the foregoing General and Specific Objections,

8   Defendants, upon entry of an appropriate confidentiality order, will produce

9   responsive, non-privileged documents, if any, found after a reasonable investigation

10  and which were not provided to and/or by Plaintiff in the trademark Opposition and

11  Cancellation proceedings pending before the Trademark Trial and Appeal Board.

12  **REQUEST FOR PRODUCTION NO. 14:**

13       All writings that constitute or reflect any, contract, license, amendment,

14  modification, or other agreement between you and Hot Topic concerning the Fiend

15  Skull design.

16  **RESPONSE:**

17       In addition to the General Objections, Defendants object to Request No. 14 on

18  the grounds that it calls for documents and/or information protected by the right to

19  privacy (under California law or any other law) of Defendants and/or any third party.

20  Defendants further object to the extent this Request seeks information subject to a

21  confidentiality or non-disclosure agreement.

22       Subject to and without waiving the foregoing General Objections, Defendants,

23  upon entry of an appropriate confidentiality order, will produce responsive, non-

24  privileged documents, if any, found after a reasonable investigation and which were

25  not provided to and/or by Plaintiff in the trademark Opposition and Cancellation

26  proceedings pending before the Trademark Trial and Appeal Board.

27

28

13

Defendants' Responses to Plaintiff's First Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 15:**

All writings that constitute or reflect any, contract, license, amendment, modification, or other agreement between you and Hot Topic concerning any Misfits Mark.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 15 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party.  Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

**REQUEST FOR PRODUCTION NO. 16:**

All writings that refer or relate to whether plaintiff could license the Fiend Skull design to Hot Topic.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 16 to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.  Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party.  Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation

14

1   and which were not provided to and/or by Plaintiff in the trademark Opposition and

2   Cancellation proceedings pending before the Trademark Trial and Appeal Board.

3   **REQUEST FOR PRODUCTION NO. 17:**

4        All writings that refer or relate to whether plaintiff could license any Misfits

5   Mark to Hot Topic.

6   **RESPONSE:**

7        In addition to the General Objections, Defendants object to Request No. 17 to

8   the extent that it seeks documents or information protected by the attorney-client

9   privilege and/or work product immunity.  Defendants further object to Request No. 17

10  on the grounds that it is overbroad, unduly burdensome and calls for the production of

11  documents that are not relevant to any claim or defense in this action and not

12  reasonably calculated to lead to the discovery of admissible evidence.  Defendants

13  object to the extent this Request calls for documents and/or information protected by

14  the right to privacy (under California law or any other law) of Defendants and/or any

15  third party.  Defendants further object to the extent this Request seeks information

16  subject to a confidentiality or non-disclosure agreement.

17  **REQUEST FOR PRODUCTION NO. 18:**

18       All writings that contain any statement, express or implied, from you to Hot

19  Topic that if Hot Topic were to license the Fiend Skull design from plaintiff, Hot

20  Topic could or would incur any liability to you.

21  **RESPONSE:**

22       In addition to the General Objections, Defendants object to Request No. 18 on

23  the grounds that it calls for documents and/or information protected by the right to

24  privacy (under California law or any other law) of Defendants and/or any third party.

25  Defendants further object to the extent this Request seeks information subject to a

26  confidentiality or non-disclosure agreement.

27       Subject to and without waiving the foregoing General Objections, Defendants,

28  upon entry of an appropriate confidentiality order, will produce responsive, non-

15

Defendants' Responses to Plaintiff's First Set of Requests for Production

1  privileged documents, if any, found after a reasonable investigation and which were

2  not provided to and/or by Plaintiff in the trademark Opposition and Cancellation

3  proceedings pending before the Trademark Trial and Appeal Board.

4  **REQUEST FOR PRODUCTION NO. 19:**

5      All writings that contain any statement, express or implied, from you to Hot

6  Topic that if Hot Topic were to license the Fiend Skull design from plaintiff, you could

7  or would sue Hot Topic.

8  **RESPONSE:**

9      In addition to the General Objections, Defendants object to Request No. 19 on

10  the grounds that it calls for documents and/or information protected by the right to

11  privacy (under California law or any other law) of Defendants and/or any third party.

12  Defendants further object to the extent this Request seeks information subject to a

13  confidentiality or non-disclosure agreement.

14      Subject to and without waiving the foregoing General Objections, Defendants,

15  upon entry of an appropriate confidentiality order, will produce responsive, non-

16  privileged documents, if any, found after a reasonable investigation and which were

17  not provided to and/or by Plaintiff in the trademark Opposition and Cancellation

18  proceedings pending before the Trademark Trial and Appeal Board.

19  **REQUEST FOR PRODUCTION NO. 20:**

20      All writings that contain any statement, express or implied, from you to Hot

21  Topic that if Hot Topic were to license any Misfits Mark from plaintiff, Hot Topic

22  could or would incur liability to you.

23  **RESPONSE:**

24      In addition to the General Objections, Defendants object to Request No. 20 on

25  the grounds that it is overbroad, unduly burdensome and calls for the production of

26  documents that are not relevant to any claim or defense in this action and not

27  reasonably calculated to lead to the discovery of admissible evidence.  Defendants

28  object to the extent this Request calls for documents and/or information protected by

1  the right to privacy (under California law or any other law) of Defendants and/or any

2  third party.  Defendants further object to the extent this Request seeks information

3  subject to a confidentiality or non-disclosure agreement.

4  **REQUEST FOR PRODUCTION NO. 21:**

5      All writings that contain any statement, express or implied, from you to Hot

6  Topic that if Hot Topic were to license any Misfits Mark from plaintiff, you could or

7  would sue Hot Topic.

8  **RESPONSE:**

9      In addition to the General Objections, Defendants object to Request No. 21 on

10  the grounds that it is overbroad, unduly burdensome and calls for the production of

11  documents that are not relevant to any claim or defense in this action and not

12  reasonably calculated to lead to the discovery of admissible evidence.  Defendants

13  object to the extent this Request calls for documents and/or information protected by

14  the right to privacy (under California law or any other law) of Defendants and/or any

15  third party.  Defendants further object to the extent this Request seeks information

16  subject to a confidentiality or non-disclosure agreement.

17  **REQUEST FOR PRODUCTION NO. 22:**

18      All writings that reflect or contain any statement by you to Hot Topic

19  concerning actions you would take in the event that Hot Topic agreed to purchase or

20  purchased from plaintiff any purported right to sell merchandise bearing the Fiend

21  Skull design.

22  **RESPONSE:**

23      In addition to the General Objections, Defendants object to Request No. 22 to

24  the extent that Defendants object to the extent this Request calls for documents and/or

25  information protected by the right to privacy (under California law or any other law) of

26  Defendants and/or any third party.  Defendants further object to the extent this Request

27  seeks information subject to a confidentiality or non-disclosure agreement.

28

Defendants' Responses to Plaintiff's First Set of Requests for Production

1    Subject to the foregoing General Objections, Defendants, upon entry of an

2    appropriate confidentiality order, will produce responsive, non-privileged documents,

3    if any, found after a reasonable investigation and which were not provided to and/or by

4    Plaintiff in the trademark Opposition and Cancellation proceedings pending before the

5    Trademark Trial and Appeal Board.

6    **REQUEST FOR PRODUCTION NO. 23:**

7    All writings that reflect or contain any statement by you to Hot Topic

8    concerning actions you would take in the event that Hot Topic agreed to purchase or

9    purchased from plaintiff any right to sell merchandise bearing any Misfits Mark.

10   **RESPONSE:**

11   In addition to the General Objections, Defendants object to Request No. 23 on

12   the grounds that it is overbroad, unduly burdensome and calls for the production of

13   documents that are not relevant to any claim or defense in this action and not

14   reasonably calculated to lead to the discovery of admissible evidence.  Defendants

15   object to the extent this Request calls for documents and/or information protected by

16   the right to privacy (under California law or any other law) of Defendants and/or any

17   third party.  Defendants further object to the extent this Request seeks information

18   subject to a confidentiality or non-disclosure agreement.

19   **REQUEST FOR PRODUCTION NO. 24:**

20   All writings that refer or relate to, or that reflect, any request by Hot Topic to

21   you to consent to Hot Topic licensing designs incorporating the Fiend Skull from

22   plaintiff.

23   **RESPONSE:**

24   In addition to the General Objections, Defendants object to Request No. 24 to

25   the extent that it seeks documents or information protected by the attorney-client

26   privilege and/or work product immunity.  Defendants object to the extent this Request

27   calls for documents and/or information protected by the right to privacy (under

28   California law or any other law) of Defendants and/or any third party.  Defendants

18

Defendants' Responses to Plaintiff's First Set of Requests for Production

1   further object to the extent this Request seeks information subject to a confidentiality

2   or non-disclosure agreement.

3        Subject to and without waiving the foregoing General Objections, Defendants,

4   upon entry of an appropriate confidentiality order, will produce responsive, non-

5   privileged documents, if any, found after a reasonable investigation and which were

6   not provided to and/or by Plaintiff in the trademark Opposition and Cancellation

7   proceedings pending before the Trademark Trial and Appeal Board.

8   **REQUEST FOR PRODUCTION NO. 25:**

9        All writings that refer or relate to, or that reflect, any request by Hot Topic to

10  you to consent to Hot Topic licensing designs incorporating any Misfits Mark from

11  plaintiff.

12  **RESPONSE:**

13       In addition to the General Objections, Defendants object to Request No. 25 on

14  the grounds that it is overbroad, unduly burdensome and calls for the production of

15  documents that are not relevant to any claim or defense in this action and not

16  reasonably calculated to lead to the discovery of admissible evidence.  Defendants

17  object to this Request to the extent that it seeks documents or information protected by

18  the attorney-client privilege and/or work product immunity.  Defendants object to the

19  extent this Request calls for documents and/or information protected by the right to

20  privacy (under California law or any other law) of Defendants and/or any third party.

21  Defendants further object to the extent this Request seeks information subject to a

22  confidentiality or non-disclosure agreement.

23  **REQUEST FOR PRODUCTION NO. 26**

24       All writings that refer or relate to, or that reflect, any statement by you to Hot

25  Topic that you would not consent to Hot Topic licensing the Fiend Skull designs from

26  plaintiff.

27

28

Defendants' Responses to Plaintiff's First Set of Requests for Production

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 26 to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party. Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

Subject to and without waiving the foregoing General Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 27**

All writings that refer or relate to, or that reflect, any statement by you to Hot Topic that you would not consent to Hot Topic licensing any Misfits Mark from plaintiff.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 27 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party. Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

20

**REQUEST FOR PRODUCTION NO. 28**

All writings that refer or relate to, or that reflect, any request by any retailer to you to consent to the retailer licensing the Fiend Skull from plaintiff.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 28 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party. Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

**REQUEST FOR PRODUCTION NO. 29**

All writings that refer to or reflect any representation by you to any wholesaler or retailer that plaintiff has no right to license any Misfits Mark.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 29 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party. Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

21

**REQUEST FOR PRODUCTION NO. 30**

All writings that refer to or reflect any representation by you to any wholesaler or retailer that you own the exclusive right to license the Misfits Marks.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 30 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party. Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

**REQUEST FOR PRODUCTION NO. 31**

All writings that refer to or reflect any representation by you to any wholesaler or retailer that plaintiff has no right to license the Fiend Skull design.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 31 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party. Defendants further object to the extent this Request seeks information subject to a confidentiality or non-disclosure agreement.

22

1    **REQUEST FOR PRODUCTION NO. 32**

2         All writings that refer to or reflect any representation by you to any wholesaler

3    or retailer that you own the exclusive right to license the Fiend Skull design.

4    **RESPONSE:**

5         In addition to the General Objections, Defendants object to Request No. 32 on

6    the grounds that it is overbroad, unduly burdensome and calls for the production of

7    documents that are not relevant to any claim or defense in this action and not

8    reasonably calculated to lead to the discovery of admissible evidence.  Defendants

9    object to this Request to the extent that it seeks documents or information protected by

10   the attorney-client privilege and/or work product immunity.  Defendants object to the

11   extent this Request calls for documents and/or information protected by the right to

12   privacy (under California law or any other law) of Defendants and/or any third party.

13   Defendants further object to the extent this Request seeks information subject to a

14   confidentiality or non-disclosure agreement.

15   **REQUEST FOR PRODUCTION NO. 33**

16        All royalty or other statements or accountings you have received from any

17   retailer including, but not limited to, Hot Topic, during the period from April 3, 2010

18   to the present reflecting revenues from sales of products bearing the Fiend Skull

19   design.

20   **RESPONSE:**

21        Defendants object to Request No. 33 on the grounds that it seeks disclosure of

22   information that is confidential, proprietary, commercially sensitive, or trade secret

23   information.  Defendants object to providing such documents and/or information in the

24   absence of a mutually-agreeable protective order protecting Defendants'

25   confidentiality rights in such document or information and limiting their use to this

26   action.  Defendants further object to Request No. 33 on the grounds that it calls for the

27   production of documents from periods outside the applicable statute of limitations.

28   Defendants also object to Request No. 33 on the grounds that it is overbroad, unduly

1    burdensome and calls for the production of documents that are not relevant to any

2    claim or defense in this action and not reasonably calculated to lead to the discovery of

3    admissible evidence.  Defendants object to the extent this Request calls for documents

4    and/or information protected by the right to privacy (under California law or any other

5    law) of Defendants and/or any third party.  Defendants object to this Request to the

6    extent it calls for information and/or documents subject to the tax privilege.

7    **REQUEST FOR PRODUCTION NO. 34:**

8       All royalty or other statements or accountings you have received from any

9    retailer including, but not limited to, Hot Topic, during the period from April 3, 2010

10    to the present reflecting revenues from sales of products bearing the any Misfits Mark.

11    **RESPONSE:**

12       Defendants object to Request No. 34 on the grounds that it seeks disclosure of

13    information that is confidential, proprietary, commercially sensitive, or trade secret

14    information.  Defendants objects to providing such documents and/or information in

15    the absence of a mutually-agreeable protective order protecting Defendants'

16    confidentiality rights in such document or information and limiting their use to this

17    action.  Defendants further object to Request No. 34 on the grounds that it calls for the

18    production of documents from periods outside the applicable statute of limitations.

19    Defendants also object to Request No. 34 on the grounds that it is overbroad, unduly

20    burdensome and calls for the production of documents that are not relevant to any

21    claim or defense in this action and not reasonably calculated to lead to the discovery of

22    admissible evidence.  Defendants object to the extent this Request calls for documents

23    and/or information protected by the right to privacy (under California law or any other

24    law) of Defendants and/or any third party.  Defendants object to this Request to the

25    extent it calls for information and/or documents subject to the tax privilege.

26    **REQUEST FOR PRODUCTION NO. 35:**

27       All writings that refer to or reflect any representation by you to any wholesaler

28    or retailer that you own the exclusive right to license any Misfits Mark.

1    **RESPONSE:**

2         In addition to the General Objections, Defendants object to Request No. 35 on

3    the ground that it is identical to and, therefore, duplicative of Request No. 30.

4    Defendants further object to Request No. 35 on the grounds that it is overbroad, unduly

5    burdensome and calls for the production of documents that are not relevant to any

6    claim or defense in this action and not reasonably calculated to lead to the discovery of

7    admissible evidence.  Defendants object to this Request to the extent that it seeks

8    documents or information protected by the attorney-client privilege and/or work

9    product immunity.  Defendants object to the extent this Request calls for documents

10   and/or information protected by the right to privacy (under California law or any other

11   law) of Defendants and/or any third party.  Defendants further object to the extent this

12   Request seeks information subject to a confidentiality or non-disclosure agreement.

13   **REQUEST FOR PRODUCTION NO. 36:**

14        All writings that refer to or reflect any representation by you to any wholesaler

15   or retailer that plaintiff has no right to license the Fiend Skull design.

16   **RESPONSE:**

17        In addition to the General Objections, Defendants object to Request No. 36 on

18   the ground that it is identical to and, therefore, duplicative of Request No. 31.

19   Defendants further object to Request No. 36 on the grounds that it is overbroad, unduly

20   burdensome and calls for the production of documents that are not relevant to any

21   claim or defense in this action and not reasonably calculated to lead to the discovery of

22   admissible evidence.  Defendants object to this Request to the extent that it seeks

23   documents or information protected by the attorney-client privilege and/or work

24   product immunity.  Defendants object to the extent this Request calls for documents

25   and/or information protected by the right to privacy (under California law or any other

26   law) of Defendants and/or any third party.  Defendants further object to the extent this

27   Request seeks information subject to a confidentiality or non-disclosure agreement.

28

Defendants' Responses to Plaintiff's First Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 37:**

All writings that refer or relate to, or that reflect, any demand that any person or entity cease and desist from selling, manufacturing, advertising, marketing and/or promoting any merchandise bearing any Fiend Skull design, or from any plan to engage in any of the foregoing activities.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 37 to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.  Defendants further object to Request No. 37 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party.

**REQUEST FOR PRODUCTION NO. 38:**

All writings that refer or relate to, or that reflect, any demand that any person or entity cease and desist from selling, manufacturing, advertising, marketing and/or promoting any merchandise bearing any Misfits Mark, or from any plan to engage in any of the foregoing activities.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 38 to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.  Defendants further object to Request No. 38 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to the extent this Request calls for documents and/or information protected by

26

1  the right to privacy (under California law or any other law) of Defendants and/or any
2  third party.
3  **REQUEST FOR PRODUCTION NO. 39:**
4      All writings that support your statement to the United States Patent and
5  Trademark Office (the "PTO") in application Serial Number 76138226 that you owned
6  the exclusive rights to the trademark "MISFITS," for International Class 041 goods.
7  **RESPONSE:**
8      In addition to the General Objections, Defendants object to Request No. 39 on
9  the ground that it seeks documents that are already in Plaintiff's possession, custody or
10  control and/or are matters of public record that are equally available and accessible to
11  Plaintiff.  Defendants further object to this Request to the extent that it seeks
12  documents or other information protected by the attorney-client privilege and/or work
13  product immunity.  Defendants also object to Request No. 39 on the grounds that it is
14  overbroad, unduly burdensome and calls for the production of documents that are not
15  relevant to any claim or defense in this action and not reasonably calculated to lead to
16  the discovery of admissible evidence.
17  **REQUEST FOR PRODUCTION NO. 40:**
18      All writings that support your statement to the PTO in application Serial
19  Number 76138226 that the first use of the trademark "MISFITS," for International
20  Class 041 goods was October 5, 1999.
21  **RESPONSE:**
22      In addition to the General Objections, Defendants object to Request No. 40 on
23  the ground that it seeks documents that are already in Plaintiff's possession, custody or
24  control and/or are matters of public record that are equally available and accessible to
25  Plaintiff.  Defendants further object to this Request to the extent that it seeks
26  documents or information protected by the attorney-client privilege and/or work
27  product immunity.  Defendants also object to Request No. 40 on the grounds that it is
28  overbroad, unduly burdensome and calls for the production of documents that are not

27

Defendants' Responses to Plaintiff's First Set of Requests for Production

1    relevant to any claim or defense in this action and not reasonably calculated to lead to
2    the discovery of admissible evidence.
3    **REQUEST FOR PRODUCTION NO. 41:**
4         All writings that support your statement to the PTO in application Serial
5    Number 76167459, that you owned the exclusive rights to the trademark "MISFITS"
6    for International Classes 16 and 41 goods.
7    **RESPONSE:**
8         In addition to the General Objections, Defendants object to Request No. 41 on
9    the ground that it seeks documents that are already in Plaintiff's possession, custody or
10   control and/or are matters of public record that are equally available and accessible to
11   Plaintiff.  Defendants further object to this Request to the extent that it seeks
12   documents or information protected by the attorney-client privilege and/or work
13   product immunity.  Defendants also object to Request No. 41 on the grounds that it is
14   overbroad, unduly burdensome and calls for the production of documents that are not
15   relevant to any claim or defense in this action and not reasonably calculated to lead to
16   the discovery of admissible evidence.
17   **REQUEST FOR PRODUCTION NO. 42:**
18        All writings [sic] your statement to the PTO in application Serial Number
19   76167459, that the first use of the trademark "MISFITS" for International Classes 16
20   and 41 goods was April 19, 1994.
21   **RESPONSE:**
22        In addition to the General Objections, Defendants object to Request No. 42 on
23   the ground that it seeks documents that are already in Plaintiff's possession, custody or
24   control and/or are matters of public record that are equally available and accessible to
25   Plaintiff.  Defendants further object to this Request to the extent that it seeks
26   documents or information protected by the attorney-client privilege and/or work
27   product immunity.  Defendants also object to Request No. 42 on the grounds that it is
28   overbroad, unduly burdensome and calls for the production of documents that are not

Defendants' Responses to Plaintiff's First Set of Requests for Production

1   relevant to any claim or defense in this action and not reasonably calculated to lead to

2   the discovery of admissible evidence.

3   **REQUEST FOR PRODUCTION NO. 43:**

4       All writings that support your statement to the PTO in application Serial

5   Number 76152924, that you owned the exclusive rights to the trademark consisting of

6   the word "MISFITS" in stylized script for International Classes 9, 16 and 25 goods.

7   **RESPONSE:**

8       In addition to the General Objections, Defendants object to Request No. 43 on

9   the ground that it seeks documents that are already in Plaintiff's possession, custody or

10   control and/or are matters of public record that are equally available and accessible to

11   Plaintiff.  Defendants further object to this Request to the extent that it seeks

12   documents or information protected by the attorney-client privilege and/or work

13   product immunity.  Defendants also object to Request No. 43 on the grounds that it is

14   overbroad, unduly burdensome and calls for the production of documents that are not

15   relevant to any claim or defense in this action and not reasonably calculated to lead to

16   the discovery of admissible evidence.

17   **REQUEST FOR PRODUCTION NO. 44:**

18       All writings that support your statement to the PTO in application Serial

19   Number 76152924, that the first use of the trademark consisting of the word

20   "MISFITS" in stylized script for International Classes 9, 16 and 25 goods was

21   April  19, 1994.

22   **RESPONSE:**

23       In addition to the General Objections, Defendants object to Request No. 44 on

24   the ground that it seeks documents that are already in Plaintiff's possession, custody or

25   control and/or are matters of public record that are equally available and accessible to

26   Plaintiff.  Defendants further object to this Request to the extent that it seeks

27   documents or information protected by the attorney-client privilege and/or work

28   product immunity.  Defendants also object to Request No. 44 on the grounds that it is

Defendants' Responses to Plaintiff's First Set of Requests for Production

1  overbroad, unduly burdensome and calls for the production of documents that are not

2  relevant to any claim or defense in this action and not reasonably calculated to lead to

3  the discovery of admissible evidence.

4  **REQUEST FOR PRODUCTION NO. 45:**

5  All writings that support your statement to the PTO in application Serial

6  Number 76402336, that you owned the exclusive rights to the trademark consisting of

7  a stylized skull referred to as the "Fiend Skull" for International Class 14 goods.

8  **RESPONSE:**

9  In addition to the General Objections, Defendants object to Request No. 45 on

10  the ground that it seeks documents that are already in Plaintiff's possession, custody or

11  control and/or are matters of public record that are equally available and accessible to

12  Plaintiff. Defendants further object to this Request to the extent that it seeks

13  documents or information protected by the attorney-client privilege and/or work

14  product immunity.

15  Subject to and without waiving the foregoing General and Specific Objections,

16  Defendants, upon entry of an appropriate confidentiality order, will produce

17  responsive, non-privileged documents, if any, found after a reasonable investigation

18  and which were not provided to and/or by Plaintiff in the trademark Opposition and

19  Cancellation proceedings pending before the Trademark Trial and Appeal Board.

20  **REQUEST FOR PRODUCTION NO. 46:**

21  All writings that support your statement to the PTO in application Serial

22  Number 76402336, that the first use of the trademark consisting of a stylized skull

23  referred to as the "Fiend Skull" for International Class 14 goods was October 1, 1978.

24  **RESPONSE:**

25  In addition to the General Objections, Defendants object to Request No. 46 on

26  the ground that it seeks documents that are already in Plaintiff's possession, custody or

27  control and/or are matters of public record that are equally available and accessible to

28  Plaintiff. Defendants further object to this Request to the extent that it seeks

1  documents or information protected by the attorney-client privilege and/or work

2  product immunity. Defendants also object to Request No. 46 on the grounds that it is

3  overbroad, unduly burdensome and calls for the production of documents that are not

4  relevant to any claim or defense in this action and not reasonably calculated to lead to

5  the discovery of admissible evidence.

6      Subject to and without waiving the foregoing General and Specific Objections,

7  Defendants, upon entry of an appropriate confidentiality order, will produce

8  responsive, non-privileged documents, if any, found after a reasonable investigation

9  and which were not provided to and/or by Plaintiff in the trademark Opposition and

10 Cancellation proceedings pending before the Trademark Trial and Appeal Board.

11 **REQUEST FOR PRODUCTION NO. 47:**

12     All writings that support your statement to the PTO in application Serial

13 Number 76605515, that you owned the exclusive rights to the trademark consisting of

14 consisting of the word "MISFITS" for International Class 25 goods.

15 **RESPONSE:**

16     In addition to the General Objections, Defendants object to Request No. 47 on

17 the ground that it seeks documents that are already in Plaintiff's possession, custody or

18 control and/or are matters of public record that are equally available and accessible to

19 Plaintiff. Defendants further object to this Request to the extent that it seeks

20 documents or information protected by the attorney-client privilege and/or work

21 product immunity. Defendants also object to Request No. 47 on the grounds that it is

22 overbroad, unduly burdensome and calls for the production of documents that are not

23 relevant to any claim or defense in this action and not reasonably calculated to lead to

24 the discovery of admissible evidence.

25 **REQUEST FOR PRODUCTION NO. 48:**

26     All writings that support your statement to the PTO in application Serial

27 Number 76605515, that the first use of the trademark consisting of the word

28 "MISFITS" for International Class 25 goods was April 19, 1994.

1  **RESPONSE:**

2  In addition to the General Objections, Defendants object to Request No. 48 on

3  the ground that it seeks documents that are already in Plaintiff's possession, custody or

4  control and/or are matters of public record that are equally available and accessible to

5  Plaintiff. Defendants further object to this Request to the extent that it seeks

6  documents or information protected by the attorney-client privilege and/or work

7  product immunity. Defendants also object to Request No. 48 on the grounds that it is

8  overbroad, unduly burdensome and calls for the production of documents that are not

9  relevant to any claim or defense in this action and not reasonably calculated to lead to

10  the discovery of admissible evidence.

11  **REQUEST FOR PRODUCTION NO. 49:**

12  All writings that support your statement to the PTO in application Serial

13  Number 76605840, that you owned the exclusive rights to the trademark consisting of

14  the word "MISFITS" in the same stylized script as the mark registered as Registration

15  Number 2735945 for International Class 25 goods.

16  **RESPONSE:**

17  In addition to the General Objections, Defendants object to Request No. 49 on

18  the ground that it seeks documents that are already in Plaintiff's possession, custody or

19  control and/or are matters of public record that are equally available and accessible to

20  Plaintiff. Defendants further object to this Request to the extent that it seeks

21  documents or information protected by the attorney-client privilege and/or work

22  product immunity. Defendants also object to Request No. 49 on the grounds that it is

23  overbroad, unduly burdensome and calls for the production of documents that are not

24  relevant to any claim or defense in this action and not reasonably calculated to lead to

25  the discovery of admissible evidence.

26  **REQUEST FOR PRODUCTION NO. 50:**

27  All writings that support your statement to the PTO in application Serial

28  Number 76605840, that the first use of the trademark consisting of the word

32

Defendants' Responses to Plaintiff's First Set of Requests for Production

"MISFITS" in the same stylized script as the mark registered as Registration Number 2735945 for International Class 25 goods was April 19, 1994.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 50 on the ground that it seeks documents that are already in Plaintiff's possession, custody or control and/or are matters of public record that are equally available and accessible to Plaintiff.  Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.  Defendants also object to Request No. 50 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 51:**

All writings filed with the U. S. Patent and Trademark Office in support of your registration of the Misfits Marks.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 51 on the ground that it seeks documents that are already in Plaintiff's possession, custody or control and/or are matters of public record that are equally available and accessible to Plaintiff.  Defendants further object to Request No. 51 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 52:**

All pleadings, correspondence, discovery requests, discovery responses, deposition transcripts, hearing transcripts, settlement briefs, and all other material produced, propounded, filed, exchanged or communicated by the parties in the course of or in connection with the registration, opposition and cancellation proceedings

33

1   before the PTO in application Serial Numbers 76138226, 76167459, 3 76152924,

2   76402336, 76605515, and 76605840, or any of them; and/or in the course of or in

3   connection with any opposition, cancellation or other proceedings 5 related to any of

4   those applications.

5   **RESPONSE:**

6       In addition to the General Objections, Defendants object to Request No. 52 on

7   the ground that it seeks documents that are already in Plaintiff's possession, custody or

8   control and/or are matters of public record that are equally available and accessible to

9   Plaintiff.  Defendants further object to Request No. 52 on the grounds that it is

10   overbroad, unduly burdensome and calls for the production of documents that are not

11   relevant to any claim or defense in this action and not reasonably calculated to lead to

12   the discovery of admissible evidence.

13   **REQUEST FOR PRODUCTION NO. 53:**

14       All writings pursuant to which the Fiend Skull design or Misfits Marks related

15   trademarks marks were transferred to Cyclopian.

16   **RESPONSE:**

17       In addition to the General Objections, Defendants object to Request No. 53 on

18   the grounds that it is based on a false premise.  Defendants further object to Request

19   No. 53 on the grounds that it seeks documents that are already in Plaintiff's possession,

20   custody or control and/or are matters of public record that are equally available and

21   accessible to Plaintiff.  Defendants also object to Request No. 53 on the grounds that it

22   is overbroad, unduly burdensome and calls for the production of documents that are

23   not relevant to any claim or defense in this action and not reasonably calculated to lead

24   to the discovery of admissible evidence.

25       Subject to and without waiving the foregoing General and Specific Objections,

26   Defendants, upon entry of an appropriate confidentiality order, will produce

27   responsive, non-privileged documents, if any, found after a reasonable investigation

28

Defendants' Responses to Plaintiff's First Set of Requests for Production

1  and which were not provided to and/or by Plaintiff in the trademark Opposition and

2  Cancellation proceedings pending before the Trademark Trial and Appeal Board.

3  **REQUEST FOR PRODUCTION NO. 54:**

4      Cyclopian's bylaws, articles of incorporation, shareholder's agreements, and any

5  modifications, amendments, or other writings changing the terms thereof.

6  **RESPONSE:**

7      In addition to the General Objections, Defendants object to Request No. 54 on

8  the grounds that it is overbroad, unduly burdensome and calls for the production of

9  documents that are not relevant to any claim or defense in this action and not

10  reasonably calculated to lead to the discovery of admissible evidence.  Defendants

11  object to the extent this Request calls for documents and/or information protected by

12  the right to privacy (under California law or any other law) of Defendants and/or any

13  third party.

14  **REQUEST FOR PRODUCTION NO. 55:**

15      All writings that reflect any terms of any agreement between Caiafa and

16  Cyclopian.

17  **RESPONSE:**

18      In addition to the General Objections, Defendants object to Request No. 55 on

19  the grounds that it is overbroad, unduly burdensome and calls for the production of

20  documents that are not relevant to any claim or defense in this action and not

21  reasonably calculated to lead to the discovery of admissible evidence.  Defendants

22  object to the extent this Request calls for documents and/or information protected by

23  the right to privacy (under California law or any other law) of Defendants and/or any

24  third party.

25  **REQUEST FOR PRODUCTION NO. 56:**

26      All writings that reflect any terms of any agreement between Paul Caiafa and

27  Cyclopian.

28

Defendants' Responses to Plaintiff's First Set of Requests for Production

1 **RESPONSE:**

2      In addition to the General Objections, Defendants object to Request No. 56 on

3 the grounds that it is overbroad, unduly burdensome and calls for the production of

4 documents that are not relevant to any claim or defense in this action and not

5 reasonably calculated to lead to the discovery of admissible evidence.  Defendants

6 object to the extent this Request calls for documents and/or information protected by

7 the right to privacy (under California law or any other law) of Defendants and/or any

8 third party.

9 **REQUEST FOR PRODUCTION NO. 57:**

10      All writings that reflect any terms of any agreement between Frank Licata and

11 Cyclopian.

12 **RESPONSE:**

13      In addition to the General Objections, Defendants object to Request No. 57 on

14 the grounds that it is overbroad, unduly burdensome and calls for the production of

15 documents that are not relevant to any claim or defense in this action and not

16 reasonably calculated to lead to the discovery of admissible evidence.  Defendants

17 object to the extent this Request calls for documents and/or information protected by

18 the right to privacy (under California law or any other law) of Defendants and/or any

19 third party.

20 **REQUEST FOR PRODUCTION NO. 58:**

21      All writings that reflect any terms of any agreement between Julio Valverde and

22 Cyclopian.

23 **RESPONSE:**

24      In addition to the General Objections, Defendants object to Request No. 58 on

25 the grounds that it is overbroad, unduly burdensome and calls for the production of

26 documents that are not relevant to any claim or defense in this action and not

27 reasonably calculated to lead to the discovery of admissible evidence.  Defendants

28 object to the extent this Request calls for documents and/or information protected by

36

the right to privacy (under California law or any other law) of Defendants and/or any third party.

**REQUEST FOR PRODUCTION NO. 59:**

All written agreements that refer or relate to, or that reflect, or change, the ownership interests of Cyclopian, Caiafa, Paul Caiafa, Frank Licata, and Julio Valverde, or any of them, in the Fiend Skull.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 59 on the grounds that it is based on a false premise. Defendants further object to Request No. 59 on the grounds that it seeks documents that are already in Plaintiff's possession, custody or control and/or are matters of public record that are equally available and accessible to Plaintiff. Defendants also object to Request No. 59 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 60:**

All written agreements that refer or relate to, or that reflect, or change, the ownership interests of Cyclopian, Caiafa, Paul Caiafa, Frank Licata, and Julio Valverde, or any of them, in the Misfits Marks, or any of them.

Defendants' Responses to Plaintiff's First Set of Requests for Production

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 60 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 61:**

All written agreements that refer or relate to, or that reflect, or change, the share of revenues to which Cyclopian, Caiafa, Paul Caiafa, Frank Licata, and Julio Valverde, or any of them, are entitled from exploitations of the Fiend Skull.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 61 on the grounds that it is based on a false premise.  Defendants further object to Request No. 61 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party.

Defendants' Responses to Plaintiff's First Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 62:**

All written agreements that refer or relate to, or that reflect, or change, the share of revenues to which Cyclopian, Caiafa, Paul Caiafa, Frank Licata, and Julio Valverde, or any of them, are entitled to receive from exploitations of the Misfits Marks, or any of them.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 62 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to the extent this Request calls for documents and/or information protected by the right to privacy (under California law or any other law) of Defendants and/or any third party.

**REQUEST FOR PRODUCTION NO. 63:**

All writings that refer to or reflect any use by plaintiff of the Fiend Skull in commerce.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 63 on the ground that it seeks documents that are already or exclusively in Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 64:**

All writings that refer to or reflect any use by plaintiff of any of the Misfits Marks in commerce.

Defendants' Responses to Plaintiff's First Set of Requests for Production

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 64 on the ground that it seeks documents that are already or exclusively in Plaintiff's possession, custody or control. Defendants further object to Request No. 64 on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce responsive, non-privileged documents that refer to or reflect use by plaintiff of the Misfits Marks in connection with his live music concerts that are found after a reasonable investigation.

**REQUEST FOR PRODUCTION NO. 65:**

All writings that refer or relate to, or that reflect or evidence, plaintiff's performance or recording as the Misfits.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 65 on the ground that it seeks documents that are already or exclusively in Plaintiff's possession, custody or control. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff or his attorneys in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

40

1  **REQUEST FOR PRODUCTION NO. 66:**

2      All writings that refer or relate to, or that reflect or evidence, use of any

3  trademarks that you own to advertise or promote plaintiff's live concerts.

4  **RESPONSE:**

5      In addition to the General Objections, Defendants object to Request No. 66 on

6  the ground that it seeks documents that are already or exclusively in Plaintiff's

7  possession, custody or control.  Defendants object to this Request to the extent that it

8  seeks documents or information protected by the attorney-client privilege and/or work

9  product immunity.

10      Subject to and without waiving the foregoing General and Specific Objections,

11  Defendants, upon entry of an appropriate confidentiality order, will produce

12  responsive, non-privileged documents, if any, found after a reasonable investigation

13  and which were not provided to and/or by Plaintiff or his attorneys in the trademark

14  Opposition and Cancellation proceedings pending before the Trademark Trial and

15  Appeal Board.

16  **REQUEST FOR PRODUCTION NO. 67:**

17      All writings that refer or relate to, or that reflect or evidence, the use by plaintiff

18  or persons under his control of trademarks you own to misrepresent that the Misfits

19  were performing at his live music concerts.

20  **RESPONSE:**

21      In addition to the General Objections, Defendants object to Request No. 67 on

22  the ground that it seeks documents that are already or exclusively in Plaintiff's

23  possession, custody or control.  Defendants object to this Request to the extent that it

24  seeks documents or information protected by the attorney-client privilege and/or work

25  product immunity.

26      Subject to and without waiving the foregoing General and Specific Objections,

27  Defendants, upon entry of an appropriate confidentiality order, will produce

28  responsive, non-privileged documents, if any, found after a reasonable investigation

41

Defendants' Responses to Plaintiff's First Set of Requests for Production

1  and which were not provided to and/or by Plaintiff or his attorneys in the trademark

2  Opposition and Cancellation proceedings pending before the Trademark Trial and

3  Appeal Board.

4  **REQUEST FOR PRODUCTION NO. 68:**

5       All writings that refer or relate to, or that reflect or evidence, any damages you

6  suffered as a result of any use of any trademark you own in connection with any live

7  performance by plaintiff.

8  **RESPONSE:**

9       In addition to the General Objections, Defendants object to Request No. 68 on

10  the ground that it seeks documents that are already or exclusively in Plaintiff's

11  possession, custody or control.  Defendants object to this Request to the extent that it

12  seeks documents or information protected by the attorney-client privilege and/or work

13  product immunity.

14       Subject to and without waiving the foregoing General and Specific Objections,

15  Defendants, upon entry of an appropriate confidentiality order, will produce

16  responsive, non-privileged documents, if any, found after a reasonable investigation

17  and which were not provided to and/or by Plaintiff or his attorneys in the trademark

18  Opposition and Cancellation proceedings pending before the Trademark Trial and

19  Appeal Board.

20  **REQUEST FOR PRODUCTION NO. 69:**

21       All writings that refer or relate to, or that reflect or evidence, any effort by you

22  or anyone acting on your behalf to prevent plaintiff or anyone under his control from

23  using any trademark owned by you in connection with any live performance by

24  plaintiff.

25  **RESPONSE:**

26       In addition to the General Objections, Defendants object to Request No. 69 on

27  the ground that it seeks documents that are already or exclusively in Plaintiff's

28  possession, custody or control.  Defendants object to this Request to the extent that it

Defendants' Responses to Plaintiff's First Set of Requests for Production

1  seeks documents or information protected by the attorney-client privilege and/or work

2  product immunity.

3   Subject to and without waiving the foregoing General and Specific Objections,

4  Defendants, upon entry of an appropriate confidentiality order, will produce

5  responsive, non-privileged documents, if any, found after a reasonable investigation

6  and which were not provided to and/or by Plaintiff or his attorneys in the trademark

7  Opposition and Cancellation proceedings pending before the Trademark Trial and

8  Appeal Board.

9  **REQUEST FOR PRODUCTION NO. 70:**

10   All writings that refer or relate to, or that reflect or evidence, any effort by you

11  or anyone acting on your behalf to prevent plaintiff or anyone under his control from

12  using any trademark owned by you in connection with any matter.

13  **RESPONSE:**

14   In addition to the General Objections, Defendants object to Request No. 70 on

15  the ground that it seeks documents that are already or exclusively in Plaintiff's

16  possession, custody or control.  Defendants further object to Request No. 70 on the

17  grounds that it is overbroad, unduly burdensome and calls for the production of

18  documents that are not relevant to any claim or defense in this action and not

19  reasonably calculated to lead to the discovery of admissible evidence.  Defendants

20  object to this Request to the extent that it seeks documents or information protected by

21  the attorney-client privilege and/or work product immunity.

22  **REQUEST FOR PRODUCTION NO. 71:**

23   All writings that refer or relate to, or that reflect, any confusion as to whether the

24  Misfits are or were performing at plaintiff's concerts.

25  **RESPONSE:**

26   In addition to the General Objections, Defendants object to Request No. 71 on

27  the ground that it seeks documents that are already or exclusively in Plaintiff's

28  possession, custody or control.  Defendants object to this Request to the extent that it

1  seeks documents or information protected by the attorney-client privilege and/or work

2  product immunity.

3          Subject to and without waiving the foregoing General and Specific Objections,

4  Defendants, upon entry of an appropriate confidentiality order, will produce

5  responsive, non-privileged documents, if any, found after a reasonable investigation

6  and which were not provided to and/or by Plaintiff or his attorneys in the trademark

7  Opposition and Cancellation proceedings pending before the Trademark Trial and

8  Appeal Board.

9  **REQUEST FOR PRODUCTION NO. 72:**

10         All writings that refer or relate to, or that reflect or evidence, any inquiries as to

11  whether the Misfits were performing with plaintiff.

12  **RESPONSE:**

13         In addition to the General Objections, Defendants object to Request No. 72 on

14  the ground that it seeks documents that are already or exclusively in Plaintiff's

15  possession, custody or control.  Defendants object to this Request to the extent that it

16  seeks documents or information protected by the attorney-client privilege and/or work

17  product immunity.

18         Subject to and without waiving the foregoing General and Specific Objections,

19  Defendants, upon entry of an appropriate confidentiality order, will produce

20  responsive, non-privileged documents, if any, found after a reasonable investigation

21  and which were not provided to and/or by Plaintiff or his attorneys in the trademark

22  Opposition and Cancellation proceedings pending before the Trademark Trial and

23  Appeal Board.

24  **REQUEST FOR PRODUCTION NO. 73:**

25         All writings that refer or relate to, or that reflect or evidence, any inquiries as to

26  whether plaintiff had the right to tour and perform as the Misfits.

27

28

Defendants' Responses to Plaintiff's First Set of Requests for Production

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 73 on the ground that it seeks documents that are already or exclusively in Plaintiff's possession, custody or control.  Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff or his attorneys in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 74:**

All writings that refer or relate to, or that reflect or evidence, any harm you have suffered as a result of any use by plaintiff of any trademark you own.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 74 on the ground that it seeks documents that are already or exclusively in Plaintiff's possession, custody or control.  Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff or his attorneys in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 75:**

All writings that refer or relate to, or that reflect or evidence, the amount of any damages you have suffered as a result of any use by plaintiff of any trademark you own.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 75 on the ground that it seeks documents that are already or exclusively in Plaintiff's possession, custody or control. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation and which were not provided to and/or by Plaintiff or his attorneys in the trademark Opposition and Cancellation proceedings pending before the Trademark Trial and Appeal Board.

**REQUEST FOR PRODUCTION NO. 76:**

All writings that refer or relate to, or that reflect or evidence, profits plaintiff has received from any use of any trademark you own.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 76 on the ground that it seeks documents that are already or exclusively in Plaintiff's possession, custody or control. Defendants object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing General and Specific Objections, Defendants, upon entry of an appropriate confidentiality order, will produce responsive, non-privileged documents, if any, found after a reasonable investigation

46

1   and which were not provided to and/or by Plaintiff or his attorneys in the trademark

2   Opposition and Cancellation proceedings pending before the Trademark Trial and

3   Appeal Board.

4   **REQUEST FOR PRODUCTION NO. 77:**

5        All writings and other materials identified in your initial disclosures herein.

6   **RESPONSE:**

7        In addition to the General Objections, Defendants object to Request No. 77 to

8   the extent that it seeks documentation or other information protected by the attorney-

9   client privilege and/or work product immunity.

10        Subject to and without waiving the foregoing General and Specific Objections,

11   Defendants, upon entry of an appropriate confidentiality order, will produce

12   responsive, non-privileged documents, if any, found after a reasonable investigation

13   and which were not provided to and/or by Plaintiff or his attorneys in the trademark

14   Opposition and Cancellation proceedings pending before the Trademark Trial and

15   Appeal Board.

                                    Respectfully submitted,


                                    K&L GATES LLP

Dated:  January 30, 2015        By: _____
                                    Seth A. Gold
                                    Christina N. Goodrich

                                    Curtis B. Krasik (*pro hac vice*)
                                    Christopher M. Verdini (*pro hac vice*)

                                    Attorneys for Gerard Caiafa and
                                    Cyclopian Music, Inc.

Defendants' Responses to Plaintiff's First Set of Requests for Production

## PROOF OF SERVICE

**Case No. 2:14-CV-02540-RGK-RZ**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **K&L GATES LLP**, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067.

On **January 30, 2015**, I served the foregoing document(s):

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed and sent as follows:

**Howard E King**
**Stephen D. Rothschild**
**King Holmes Paterno and Berliner LLP**
**1900 Avenue of the Stars 25th Floor**
**Los Angeles, CA 90067-4506**
**310-282-8989**
*Attorneys for Plaintiff Glenn Danzig*

☒ **BY MAIL:**  (By Following Office Business Practice):  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I placed such envelope(s) for collection and mailing on that date following ordinary business practice.

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the above is true and correct.

Executed on January 30, 2015, at Los Angeles, California.

Jihee Jung

48

Defendants' Responses to Plaintiff's First Set of Requests for Production