**EXHIBIT 17**

1  KING, HOLMES, PATERNO & BERLINER, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
   ROTHSCHILD@KHPBLAW.COM
3  1900 AVENUE OF THE STARS, 25TH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
4  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903
5
   Attorneys for Plaintiff and Counter-
6  Defendant GLENN DANZIG

7

8                 UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  GLENN DANZIG, an individual,          CASE NO. CV14-02540 RGK-RZx
                                          Hon. R. Gary Klausner, Courtroom 850
12                 Plaintiff,
                                          **NOTICE OF SUBPOENA TO THIRD
13      vs.                               PARTY HOT TOPIC, INC.**

14  GERALD CAIAFA, an individual;         Action Filed:  April 3, 2014
    CYCLOPIAN MUSIC, INC., a              Trial Date:    May 5, 2015
15  corporation; and DOES 1 through 10,
    inclusive,
16
                   Defendants.
17  _____

18  AND RELATED COUNTERCLAIM

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

3421.065/847573.1

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rule of

3  Civil Procedure, plaintiff and counter-defendant Glenn Danzig intend to serve a

4  Subpoena, in the form attached hereto, on Hot Topic, Inc. on January 17, 2015 or as

5  soon thereafter as service may be effectuated.

6  DATED:      January 15, 2015          KING, HOLMES, PATERNO &
                                         BERLINER, LLP
7

8

9                                        By: _____

10                                              HOWARD E. KING
                                                STEPHEN D. ROTHSCHILD
11                                       Attorneys for Plaintiff and Counter-Defendant
12                                       GLENN DANZIG

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO &
BERLINER, LLP

3421.065/847573.1                              2

AO 88A  (Rev  02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | | |
|---|---|---|
| Glenn Danzig | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   CV14-02540 RGK-RZx |
| Gerald Caiafa, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Hot Topic, Inc., 18305 East San Jose Avenue, City of Industry, CA 91748

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHMENT "A"

| Place: King, Holmes, Paterno & Berliner, LLP<br>1900 Avenue of the Stars, 25th Floor, LA, CA 90067 | Date and Time:<br>01/30/2015 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and/or by videotape.

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT "B"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       01/15/2015

          _CLERK OF COURT_

                                    OR   _[signature]_

_Signature of Clerk or Deputy Clerk_          _Attorney's signature_
                              Stephen D. Rothschild, Esq.

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_          plaintiff
and counter-defendant GLENN DANZIG                              , who issues or requests this subpoena, are:
Stephen D. Rothschild, King, Holmes, Paterno & Berliner, LLP, 1900 Avenue of the Stars, 25th Floor,
Los Angeles, CA 90067; rothschild@khpblaw.com; (310) 282-8986

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV14-02540 RGK-RZx

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  _____

on *(date)*  _____  .

☐  I served the subpoena by delivering a copy to the named individual as follows:  _____

_____

_____  on *(date)*  _____  ; or

☐  I returned the subpoena unexecuted because:  _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____  .

My fees are $  _____  for travel and $  _____  for services, for a total of $  _____0.00_____  .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment "A"

1.　　Communications between the deponent, on the one hand, and on the other hand Gerald Caiafa, Cyclopian Music, Inc., and/or anyone acting on behalf of either of them (collectively, "Caiafa"), concerning whether the deponent had the right to license designs bearing the word "Misfits," the Misfits horror font, and/or the Fiend Skull design (individually and collectively, the "Misfits Designs") from plaintiff Glenn Danzig or any merchandiser or other person or entity acting on his behalf (collectively, "Danzig").

2.　　The reasons why the deponent has not licensed the Fiend Skull design from Danzig.

3.　　The revenues that Caiafa has received as a result of the deponent's sales of Misfits merchandise bearing Misfits Designs licensed from Caiafa.

4.　　Any and all communications concerning actions Caiafa would take or threatened to take if the deponent were to license Misfits Designs from Danzig.

5.　　Any and all analyses of whether the deponent could license Misfits Designs from Danzig and/or whether Danzig had the right to license Misfits Designs to the deponent.

3421.065/847404.1

## Attachment "B"

1.      All writings that constitute or reflect any contract, license, amendment, modification, or other agreement between the deponent, on the one hand, and on the other hand Gerald Caiafa and/or Cyclopian Music, Inc. (collectively, "Caiafa"), concerning any Misfits Design. (For purposes of these requests, "writings" include, but are not limited to, writings, recordings, photographs, originals and duplicates as those terms are defined in FRE 1001, whether stored in physical, electronic, or any other form. For purposes of these requests, "Misfits Design" means any design relating to The Misfits including, but not limited to, any design incorporating the word "Misfits," the Misfits horror font, and/or the Fiend Skull design. References to "Misfits Designs" include such designs individually and collectively. For purposes of these requests, "Caiafa" includes anyone acting on behalf of Caiafa including, but not limited to, John Cafiero.)

2.      All writings that refer or relate to whether the deponent could license any Misfits Design from plaintiff Glenn Danzig ("Danzig"). (For purposes of these requests, "Danzig" includes any merchandiser or other person or entity acting on his behalf. For purposes of these requests, "license" means any right to manufacture or sell products bearing any Misfits Design.)

3.      All writings that refer or relate to whether Danzig had the right to license any Misfits Design including, but not limited to, the right to grant licenses to any Misfits Design to the deponent.

4.      All writings that contain any statement, express or implied, from Caiafa that, if the deponent were to license any Misfits Design from Danzig, Hot Topic could or would incur any liability to Caiafa.

5.      All writings that contain any statement, express or implied, from Caiafa to the deponent, that if the deponent were to license a Misfits Design from Danzig, Caiafa could or would sue the deponent.

6.      All writings that reflect or contain any statement by Caiafa to the deponent concerning actions Caiafa would take if the deponent agreed to purchase or purchased from Danzig any purported right to sell merchandise bearing any Misfits Design.

7.      All writings that refer or relate to, or that reflect, any request by the deponent to Caiafa to consent to the deponent licensing any Misfits Design from Danzig.

8.      All writings that refer or relate to, or that reflect, any request by the deponent to Caiafa to consent to the deponent licensing designs incorporating any Misfits Design from Danzig.

9.      All writings that refer or relate to, or that reflect, any statement by Caiafa to the deponent that Caiafa would not consent to the deponent licensing a Misfit Design from Danzig.

10.     All royalty or other statements or accountings the deponent has issued to Caiafa reflecting revenues from sales of products bearing Misfits Designs.

3421.065/847404.1

       11.     All writings between the deponent and Caiafa that discuss marketing, promotional and/or sales strategies for Misfits Designs.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On January 16, 2015, I served true copies of the following document(s) described as **NOTICE OF SUBPOENA TO THIRD PARTY HOT TOPIC, INC.** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ytoko@khpblaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 16, 2015, at Los Angeles, California.

Yvette Toko

3421.065/847573.1

1

2

<u>SERVICE LIST</u>
Glenn Danzig v. Gerald Caiafa, et al.
U.S.D.C. Case No.: CV14-2540-RGK (RZx)

3  Curtis B. Krasik, Esq.                          *Attorneys for Defendants GERARD*
   Christopher M. Verdini, Esq.                    *CAIAFA and CYCLOPIAN MUSIC, INC.*
4  K&L Gates LLP
   K&L Gates Center
5  210 Sixth Avenue
   Pittsburgh, PA 15222
6  Tel:    (412) 355-6766
   Fax:    (412) 355-6501
7  Email: curtis.krasik@klgates.com
   Email: christopher.verdini@klgates.com

8

   Seth A. Gold, Esq.                              *Attorneys for Defendants GERARD*
9  Christina N. Goodrich, Esq.                     *CAIAFA and CYCLOPIAN MUSIC, INC.*
   K&L Gates LLP
10 10100 Santa Monica Boulevard, 7th
   Floor
11 Los Angeles, California 90067
   Tel:    (310) 552-5000
12 Fax:    (310) 552-5001
   Email: seth.gold@klgates.com
13 Email: christina.goodrich@klgates.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO &
BERLINER, LLP

3421.065/847573.1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On January 16, 2015, I served true copies of the following document(s) described as **NOTICE OF SUBPOENA TO THIRD PARTY HOT TOPIC, INC.** on the interested parties in this action as follows:

Seth A. Gold, Esq.                          *Attorneys for Defendants GERARD*
Christina N. Goodrich, Esq.          *CAIAFA and CYCLOPIAN MUSIC, INC.*
K&L Gates LLP
10100 Santa Monica Boulevard, 7th
Floor
Los Angeles, California 90067
Tel:   (310) 552-5000
Fax:   (310) 552-5001
Email: seth.gold@klgates.com
Email: christina.goodrich@klgates.com

**BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 16, 2015, at Los Angeles, California.

Yvette Toko

King, Holmes, Paterno & Berliner, LLP

3421.065/847573.1