**EXHIBIT 22**

# Steve Rothschild

| | |
|---|---|
| **From:** | Yvette Toko |
| **Sent:** | Friday, January 16, 2015 11:55 AM |
| **To:** | 'curtis.krasik@klgates.com'; 'christopher.verdini@klgates.com'; 'seth.gold@klgates.com'; 'christina.goodrich@klgates.com' |
| **Cc:** | Howard King; Steve Rothschild |
| **Subject:** | Re: Danzig v. Caiafa et al., USDC (C.D. Cal.) Case No. 2:14-cv-02540-RGK-RZx |
| **Attachments:** | Notice of Subpoena to Third Party Hot Topic, Inc. 2015.01.15.PDF |

Good afternoon,

On behalf of Mr. King and Mr. Rothschild, please refer to the attached.

*Yvette T. Toko*
Secretary to Stephen D. Rothschild, Esq.
**King, Holmes, Paterno & Berliner, LLP**
1900 Ave of the Stars, 25th Floor, Los Angeles, CA 90067
Tel.: 310.282.8989 Ext. 255 | Direct: (310) 282-8955
Fax: 310.282.8903 | Email: ytoko@khpblaw.com

1

## KING, HOLMES, PATERNO & BERLINER, LLP

HOWARD E. KING
KEITH T. HOLMES
PETER T. PATERNO
JILL H. BERLINER¹
LAURIE L. SORIANO
STEPHEN D. ROTHSCHILD
EILEEN LYON
LESLIE E. FRANK
SETH MILLER
DANIEL K. STUART
JACQUELINE SABEC
MADGE S. BELETSKY
JOSEPH M. CARLONE
MATTIAS A. ENG
MARJORIE GARCIA
JOSEPH W. HALBARDIER
KATHERINE E. AVERY²
BRENT A. CANTER

OF COUNSEL
NIKKI WOLONTIS
JEFFREY P. SILBERMAN

¹ADMITTED IN CALIFORNIA, NEW YORK, AND WASHINGTON, DC
²ADMITTED IN CALIFORNIA & NEW YORK

1900 AVENUE OF THE STARS
TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE (310) 282-8989
FACSIMILE (310) 282-8903

SAN FRANCISCO OFFICE
75 BROADWAY STREET
SUITE 202
SAN FRANCISCO, CA 94111
TELEPHONE: (415) 361-4084
FACSIMILE: (415) 361-4001

WRITER'S DIRECT DIAL:
(310) 282-8986
rothschild@khpblaw.com

February 11, 2015

**VIA E-MAIL curtis.krasik@klgates.com**
**AND U.S. MAIL**

Curtis B. Krasik, Esq.
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222

Re: ***Glenn Danzig v. Gerald Caiafa, et al.***
U.S.D.C. Case No: CV-14-02540 RGK-RZx

Dear Curt:

This shall confirm and expand upon our conversations today concerning the deposition schedule.

Your office served your notice of plaintiff's deposition on Friday, February, 6, 2015, six days before the noticed post-discovery cutoff date of February 12, 2015. At the time, we were still engaged in intensive, time consuming settlement discussions. I told you on Monday, February 9, that a February 12 deposition date was not feasible or practical. Among other things, your client had failed to produce any documents in response to plaintiff's request for production, and we and our clients were still conducting settlement discussions.

After researching the enforceability of non-court approved agreements to conduct discovery after a court-ordered discovery cutoff, I told you yesterday, February 10, 2015, that we needed to stipulate that, if your client and his manager did not appear for their depositions as you agreed next week, you would not use their testimony in support of your motion for summary judgment. I told you I was reluctant to produce my client for deposition without such a stipulation because doing so would risk having to oppose your clients' motion for summary judgment without use of their testimony. You did not tell me yesterday that you were flying to Los Angeles to take plaintiff's deposition on Thursday, even though it would have been appropriate to do so during that conversation.

3421.065/856543.1

KING, HOLMES, PATERNO & BERLINER, LLP

Curtis B. Krasik, Esq.
February 11, 2015
Page 2

Also on February 10, 2015, I sent you an email that included the following:

> At this point, we have not met and conferred concerning deficiencies in your responses to our requests for production, your client has produced no documents, there is no protective order in place, and *we have no enforceable assurances that, if we produce our client for deposition, you will produce Messrs. Caiafa and Cafiero for their depositions in time to use their testimony to oppose your threatened motion for summary judgment (or at all). In addition, without the documents we requested, we will not have a full and fair opportunity to question your client and his manager.*
>
> *Let's talk tomorrow realistically about how to proceed now that it appears that we are going to try this case.*

(Emphasis added.)

You traveled to Los Angeles on the pretext that you would be taking a deposition that you knew from my email and our conversations would not proceed on February 12. You did not tell me that you intended to proceed with the deposition notwithstanding my email or our conversations. It would appear that you concealed your intentions in an effort to set plaintiff up to try to obtain an unwarranted procedural advantage.

As I told you during our conversations today, *plaintiff remains ready, willing and able to appear for his deposition on Friday, February 13, 2015*, on condition that you agree not to use deposition testimony or declarations of any deponent who does not appear for his deposition next week as agreed in connection with your motion for summary judgment, and that you produce documents responsive to plaintiff's requests for production that you contend support Cyclopian's counterclaim, and/or on which you intend to question plaintiff, sufficiently in advance of plaintiff's deposition for him to have a full and fair opportunity to review them.

KING, HOLMES, PATERNO & BERLINER, LLP

Curtis B. Krasik, Esq.
February 11, 2015
Page 3

      Please notify me by tomorrow morning at 10:00 a.m. if you intend to proceed with plaintiff's deposition on February 13, and promptly produce the documents described in the preceding paragraph, so that we have adequate time to prepare.

      Very truly yours,

      Stephen D. Rothschild
      of King, Holmes, Paterno & Berliner, LLP

SDR:ytt
cc:    Christina N. Goodrich, Esq. (via e-mail)
       Howard E. King, Esq. (via e-mail)