1 | KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
2 | STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
3 | 1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
4 | TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903
5 |
Attorneys for Plaintiff and Counter-
6 | Defendant GLENN DANZIG

7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10 |

11 | GLENN DANZIG, an individual,        CASE NO. CV14-02540 RGK-RZx
Hon. R. Gary Klausner
12 |              Plaintiff,
                                     **JOINT TRIAL EXHIBIT LIST**
13 |       vs.
                                     **Jury Trial:**
14 | GERALD CAIAFA, an individual;      Date:   May 5, 2015
CYCLOPIAN MUSIC, INC., a            Time:   9:00 a.m.
15 | corporation; and DOES 1 through 10, Ctrm.:  850
inclusive,
16 |                                     Action Filed:   April 3, 2014
              Defendants.            Trial Date:     May 5, 2015
17 |
18 | AND RELATED COUNTERCLAIM.

19 |

20 |        TO THE HONORABLE COURT:

21 |        Plaintiff GLENN DANZIG ("plaintiff"), on the one hand, and on the other

22 | hand defendant GERALD CAIAFA and defendant and counterclaimant

23 | CYCLOPIAN MUSIC, INC. ("defendants"), hereby submit the following joint list

24 | of exhibits which they presently intend to offer as evidence at trial, excluding those

25 | which may be used soley for impeachment.

26 |        The Parties reserve all of their respective objections to the authenticity and

27 | admissibility of any exhibit below, including objections based on relevance.  Each

28 | side's objections to the otherside's exhibits are listed below.

KING, HOLMES,
PATERNO &
BERLINER, LLP

3421.065/874277.4                         1

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | **PLAINTIFF'S TRIAL EXHIBITS** | | | | |
| 1. | Undated Classic era photographs of Misfits and CD cover. [7 pp.] | Plaintiff failed to produce or identify these documents in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify these documents. Fed. R. Civ. P. 37. Consequently, these documents should be excluded because they are the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify these documents as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 2. | Undated Misfits 138 design. [1 pg.] | Plaintiff has not put this image at issue in this action and it is unclear how this image is relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 3. | Undated Misfit Skull. [1 pg.] | Plaintiff has not put this image at issue in this action and it is unclear how this image is relevant to Plaintiff's claim.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document.  Fed. R. Civ. P. 37.  Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims.  Fed. R. Evid. 403.  Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 4. | Hot Topic, Inc. records of payments to Cyclopian Music, Inc. for Skull merchandise (to be produced pursuant to trial subpoena to Hot Topic, Inc.). | To the extent that Plaintiff has copies, but has failed to produce them, then Defendants object as follows: Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|---------------|
| | | this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Defendants reserve the right to object to Plaintiff's trial subpoena for these documents. | | | | |
| 5. | Hot Topic, Inc. purchase orders/invoices to/from Cyclopian Music, Inc. for Skull merchandise (to be produced pursuant to trial subpoena to Hot Topic, Inc.). | To the extent that Plaintiff has copies, but has failed to produce them, then Defendants object as follows: Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Defendants reserve the right to object to Plaintiff's trial subpoena for these documents. | | | | |
| 6. | 00/00/1982 Photograph of 1982 Misfits performance illustrating Skull logo on an amplifier. [1 pg.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602. 901. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 7. | 00/00/1982 CD cover, liner notes and CD entitled, "Misfits Walk Among Us" released in 1982. [4 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |
| 8. | 00/00/1983 Video from 1983 Misfits performance, 'When the Evening Comes The Misfits (LIVE)' | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 9. | 00/00/1986 CD cover, liner notes and CD entitled, "Misfits", aka "Collection 1", released in 1986.  [4 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 10. | 00/00/1989 CD cover, liner notes and CD entitled, "Misfits Legacy of Brutality" released in 1989.  [1 pg.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |
| 11. | *00/00/1989 Yeszista Interview with Gerald "Jerry" Caiafa.  [3 pp.] | This "interview" does not contain information that is relevant to Plaintiff's claim.  Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 12. | *3/27/1991 Memorandum of Agreement between Giant Merchandising and Glenn Danzig. [12 pp.] | Plaintiff has not put this agreement at issue in this action and it is unclear how it is relevant to his claim -- regardless, it is dated outside the statute of limitations. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 13. | *10/21/1992 First quarter 1992 wholesale royalty statement from Giant Merchandising to Glenn Danzig.  [1 pg.] | Plaintiff has not put this agreement at issue in this action and it is unclear how it is relevant to his claim -- regardless, it is dated outside the statute of limitations.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
|  |  | Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. |  |  |  |  |
| 14. | *11/3/1993 Third quarter 1993 wholesale royalty statement from Giant Merchandising to Glenn Danzig.  [1 pg.] | Plaintiff has not put this agreement at issue in this action and it is unclear how it is relevant to his claim -- regardless, it is dated outside the statute of limitations.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as |  |  |  |  |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|---------------|
| | | supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 15. | *9/30/1993 Second quarter 1993 royalty statement from Giant Merchandising to Glenn Danzig. [1 pg.] | Plaintiff has not put this agreement at issue in this action and it is unclear how it is relevant to his claim -- regardless, it is dated outside the statute of limitations. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 16. | *1/19/1994 Fourth quarter 1993 wholesale royalty statement from Giant Merchandising to Glenn Danzig.  [1 pg.] | Plaintiff has not put this agreement at issue in this action and it is unclear how it is relevant to his claim -- regardless, it is dated outside the statute of limitations.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 17. | 12/31/94 Settlement Agreement among Gerald Caiafa, Paul Caiafa, Frank Licata, Julio Valverde, and Glenn Danzig. 8 pp.] | | | | | |
| 18. | *00/00/1995 Vinyl album cover, liner notes and album entitled, "Misfits Collection II" released in 1995.  [4 pp.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |
| 19. | *00/00/1995 Front and back covers, liner insert and CD entitled, "Misfits Collection II" released in 1995.  [8 pp.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |
| 20. | *00/00/1995 CD cover, liner notes and CD entitled, "Earth Misfits A.D." released in 1995.  [4 pp.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |
| 21. | *1/1/1995 Agreement between Caroline Records, Inc. and Glenn Danzig, dba Plan 9 Records.  [34 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |
| 22. | *1/3/1995 Product Approval Form from Brockum Global merchandising identifying decal with Legacy of Brutality design. [1 pg.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 23. | 2/00/1996 Screenshots of an eBay listing for "The Misfits – Limited Edition 4-discus Coffin Box and other materials. [5 pp.] | This is not relevant because sales by a third party cannot be relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. Description of exhibit is inaccurate as the eBay listing appears to be from 2015, not 1996. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 24. | *00/00/1997 Cover, liner notes insert and CD for re-release of 1982 album "Misfits Evilive". [4 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. | | | | |
| 25. | *00/00/1998 Screenshot of Ebay listing for "vtg '90s 1998 THE MISFITS long slv Punk t-shirt Rare Danzig ML Horror Business". [2 pp.] | This is not relevant because sales by a third party cannot be relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901.  Description of exhibit is inaccurate as the eBay listing appears to be from 2015, not 1998. | | | | |
| 26. | *10/1/1999 Blue Grape royalty summary statement for period 10/1/1999 to 12/31/1999. [DANZ 0145 – DANZ 0198, 48 pp.] | Not accurate description of document. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
|  |  | identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. |  |  |  |  |
| 27. | *00/00/2000 Blue Grape's year 2000, Volume 1 catalogue updates. [6 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as |  |  |  |  |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 28. | *00/00/2001 Blue Grape's Summer 2001 update sales catalogue.  [7 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document.  Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 29. | *3/19/2001 Blue Grape letter to Glenn Danzig, from Ute Linhart regarding Danzig and Misfits textile flags. [1 pg.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant. Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 30. | *3/20/2001 Blue Grape letter to Glenn Danzig, from Patrick Mahoney | Plaintiff has not put this at issue in this action and it is unclear how it is relevant.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | regarding Danzig Pentagram tee shirt, "Satan's Child" baby doll. [1 pg.] | this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document.  Fed. R. Civ. P. 37.  Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims.  Fed. R. Evid. 403.  Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 31. | Intentionally omitted | | | | | |
| 32. | 3/31/2003 Settlement Agreement between Hot Topic, Inc. and Cyclopian Music, Inc. [6 pp.] | | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|----------------|
| 33. | *6/1/2003 Letter to Glenn Danzig, from Blue Grape, B.V. [7 pp.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document.  Fed. R. Civ. P. 37.  Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims.  Fed. R. Evid. 403.  Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 34. | *10/1/2004 Blue Grape royalty summary | Not accurate description of document. Plaintiff failed to produce or identify this document in | | | | |

King, Holmes, Paterno & Berliner, LLP

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | statement for period 10/1/2004 to 12/19/2004. [000109-000192, 84 pp.] | response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37.  Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403.  Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 35. | *7/8/2005 Licensing agreement between Glenn Danzig and B&H Company dba Chaser Merchandising.  [14 pp.] | Plaintiff has not put this at issue and it is not clear how a license agreement from 2005 is relevant to Plaintiff's claim.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|---------------|
| | | Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 36. | *7/7/2008 Agreement entitled, "License of Trademark and Merchandising Rights" between Bravado International Group Merchandising Services, Inc. and Evilive Music, LLC. [25 pp.] | Plaintiff has not put this at issue and it is not clear how a document from 2008 is relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|---------------|
| | | documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 37. | 1/21/2009 Email from John Cafiero, to Mikey Seitis. [1 pg.] | This document is not relevant because it is from outside the statute of limitations. Fed. R. Evid. 401, 402. | | | | |
| 38. | 4/1/2010 Bravado International Group MS, Inc. wholesale royalty statement for Misfits Accessories for period 4/1/2010 to 6/30/2010. [12 pp.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 39. | *7/25/2012 Internet pages of "Cliff Burton: Metallica's Mellow Misfit" [5 pp.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 40. | *2/6/2013 Robert Arce Chaser Merchandising business card and attached designs.  [6 pp.] | Plaintiff has not put this at issue in this action and it is unclear how it is relevant.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 41. | 4/17/2013 Licensing agreement between Evilive Music, LLC, f/s/o Glenn Danzig and Live Nation Merchandise, Inc.  [15 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication | | | | |

| | Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| | 42. | 2013/2015 Sales summaries of Misfits merchandise to retailers other than Hot Topic, Inc. pursuant to LiveNation Merchandise's merchandising agreement. [17 pp.] | Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. Best evidence | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | rule precludes consideration of this summary without providing the underlying documents on which it is based, which is the best evidence of their contents.  Fed. R. Evid. 1002. | | | | |
| 43. | 3/1/2015 2014 Ebay listings with items that bear Misfits Fiend Skull and Crimson Ghost marks. [5pp.] | This is not relevant because sales by a third party cannot be relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 44. | 3/18/2015 Glenn Danzig Misfits website as of March 18, 2015. [17 pp.] | Plaintiff's sales of merchandise in 2015 are not relevant to Plaintiff's claim.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 45. | 2014-2015 Misfits Fiend Skull Tee Shirts sold under license from Glenn Danzig | It is unclear what this exhibit is and it appears that Plaintiff has not produced a copy of this exhibit. Regardless, Plaintiff's sales of merchandise in 2014 and 2015 is not relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 46. | 2014-2015 Misfits Fiend Skull Tee Shirts sold under license from Cyclopian Music, Inc. | It is unclear what this exhibit is and it appears that Plaintiff has not produced a copy of this exhibit. It appears to not be relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 47. | 00/00/2015 Pages from Live Nation | Plaintiff's sales of merchandise in 2015 is not relevant to Plaintiff's | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | Merchandising's Spring/Summer 2015 of products related to Glenn Danzig and his bands The Misfits and Samhain. [6 pp.] | claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 48. | *3/2/2015 Screenshots from Ebay.com with current examples of The Misfits merchandise in the few | This is not relevant because sales by a third party cannot be relevant to Plaintiff's claim. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | days before March 2, 2015. [13 pp.] | untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602, 901. | | | | |
| 49. | *2007-2013 Dockets from the Trademark Trial and Appeals Board reflecting Cyclopian Music, Inc. requests to delay answer deadlines, | | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|---------------|
| | discovery and trial.  [107 pp.] | | | | | |
| 50. | Charts/ Graphic Evidence | It is unclear what this exhibit is and it appears that Plaintiff has not produced a copy of this exhibit. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901.Best evidence rule precludes consideration because without providing | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | underlying documents on which it is based, which are the best evidence of their contents. Fed. R. Evid. 1002. | | | | |
| 51. | {Reserved}L NM sales records | Plaintiff's sales of merchandise in 2014 and 2015 is not relevant. Fed. R. Evid. 401, 402. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure. For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document. Fed. R. Evid. 602. 901. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|---------------|
| 52. | Negotiations of 2003 agreement between Hot Topic and defendants | It is unclear what this exhibit is and it appears that Plaintiff has not produced a copy of this exhibit. This is not relevant because it is from outside the statute of limitations.  Fed. R. Evid. 401, 402.  Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37.  Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 53. | Records of defendants' revenues from sales of merchandise bearing Skull logo to Hot Topic, Inc. | It is unclear what this exhibit is and it appears that Plaintiff has not produced a copy of this exhibit. Plaintiff failed to produce or identify this document in response to discovery and it is an untimely disclosure.  For example, Defendants requested Plaintiff identify all documents supporting his claims and he did not produce this or any other documents and did not identify this document. Fed. R. Civ. P. 37. Consequently, this document should be excluded because it is the result of undue delay and will cause Defendants unfair prejudice given that Plaintiff failed to identify this document as supporting his claims in response to specific requests for (and to identify) all documents supporting his claims. Fed. R. Evid. 403. Moreover, there is no indicia of authentication and foundation, such as the origin, originator, date of origination, complete chain of custody, and authentication by someone with knowledge of the document.  Fed. R. Evid. 602, 901. | | | | |
| 54. | {Reserved} | | | | | |
| 55. | {Reserved} | | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 56. | {Reserved} | | | | | |
| 57. | {Reserved} | | | | | |
| 58. | {Reserved} | | | | | |
| 59. | {Reserved} | | | | | |
| 60. | {Reserved} | | | | | |
| 61. | {Reserved} | | | | | |
| 62. | {Reserved} | | | | | |
| 63. | {Reserved} | | | | | |
| 64. | {Reserved} | | | | | |
| 65. | {Reserved} | | | | | |
| 66 - 100 | Intentionally omitted. | | | | | |
| **DEFENDANTS'/COUNTERCLAIMANT'S TRIAL EXHIBITS** | | | | | | |
| 101. | December 31, 1994 Settlement Agreement between Gerald Caiafa, Paul Caiafa, Frank Licata, Julio Valverde, and Glenn Danzig (DE 73-2 at 2-10) | | | | | |
| 102. | November 20, 2000 Trademark Assignment for "Misfits" trademark and Abstract of Title (DE 73-2 | FRE 104(b), 403, 602, 802, 901, 1002, 1005; Document erroneously assumes ownership of trademark without proof; is not relevant to show ownership; is likely to confuse jury as to | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|-----|-------------|-----------|------------------|------------------|-----------------|----------------|
| | at 12-21, Cyclop_000315-324) | ownership, waste time and cause undue prejudice; constitutes an opinion as to ownership; author of document lacks personal knowledge; document is not properly authenticated and is not certified. | | | | |
| 103. | December 27, 2002 Trademark Assignment for "Misfits" trademark (DE 73-2 at 22-24, Cyclop_000325-327) | FRE 104(b), 403, 602, 802, 901, 1002, 1005; Document erroneously assumes ownership of trademark without proof; is not relevant to show ownership; is likely to confuse jury as to ownership, waste time and cause undue prejudice; constitutes hearsay not subject to any exception; constitutes an opinion as to ownership; author of document lacks personal knowledge; document is not properly authenticated and is not certified. | | | | |
| 104. | Electronic record for trademark registration for "Fiend Skull" design (DE 73-2 at 26-27) | FRE 104(b), 401, 402, 403, 602, 701, 802, 901, 1005; Document erroneously assumes ownership of trademark without proof; is not relevant to show ownership; is likely to confuse jury as to ownership, waste time and cause undue prejudice; constitutes hearsay not subject to any exception; constitutes an opinion as to ownership; author of document lacks personal knowledge; document is not properly | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | authenticated and is not certified. | | | | |
| 105. | U.S. Trademark Registration No. 2,770,984 for "Fiend Skull" design (DE 73-2 at 29) | FRE 104(b), 401, 402, 403, 602, 701, 802, 901, 1005; Document erroneously assumes ownership of trademark without proof; is not relevant to show ownership; is likely to confuse jury as to ownership, waste time and cause undue prejudice; constitutes hearsay not subject to any exception; constitutes an opinion as to ownership; author of document lacks personal knowledge; document is not properly authenticated, and is not certified. | | | | |
| 106. | 2003 Settlement Agreement between Hot Topic and Cyclopian (DE 79, Cyclop_000328-332) | | | | | |
| 107. | 1995-2003 Royalty reports for licensing Misfits trademarks for use on clothing (DE 80, TTAB DANZ0301-399, Cyclop_000210-276) | FRE 104(b), 401, 402, 403, 602, 802, 901, 1002; Document is not relevant to any issue herein, as abandonment is a trademark concept and plaintiff's rights are contractual; is likely to confuse jury as to ownership, waste time and cause undue prejudice; constitutes hearsay not subject to any exception; document is not properly authenticated. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 108. | 1999-2003 Danzig's license agreement with Blue Grape, as amended (Cyclop_000287-288, 293-305) | FRE 401,402, 403; Document is not relevant to any issue herein, as abandonment is a trademark concept and plaintiff's rights are contractual; is likely to confuse jury as to matters at issue. | | | | |
| 109. | Chart from Blue Grape comparing sales of Misfits, Danzig, and Samhain products (Cyclop_00306) | FRE 104(b), 401, 402, 403, 602, 701, 802, 901; Document is not relevant to any issue herein, as abandonment is a trademark concept and plaintiff's rights are contractual; is likely to confuse jury as to matters at issue; constitutes hearsay not subject to any exception; document is not properly authenticated. | | | | |
| 110. | October 20, 2004 letter from Peter E. Nussbaum to Mark A. Tamoshunas and Siegmar Silber (DE DE 73-4 at 73-76, Cyclop_00316-139) | FRE 401, 402, 403, 802, 901; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; document constitutes hearsay and is not authenticated. | | | | |
| 111. | January 31, 2005 letter from Curtis B. Krasik to Peter E. Nussbaum (DE 73-4 at 78-81, Cyclop_00129-132) | FRE 104(b), 401, 402, 403, 602, 802; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; document constitutes hearsay, argument and opinion; author lacks personal knowledge of the matters stated therein. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 112. | June 29, 2005 letter from Glenn Davis to Felix Sebacious, Bravado International Group (Cyclop_0002 80) | FRE 402, 403, 602, 701, 802, 901; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; document is no authenticated | | | | |
| 113. | *September 21, 2006 Deposition of Felix Sebacious in TTAB proceedings, Cancellation No. 92045173 (DE 73-3 at 2-110) | FRE 401, 402, 403, 802, 901; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; testimony therein constitutes hearsay not subject to any exception; document is not properly authenticated and dis not an original or certified copy. | | | | |
| 114. | January 26, 2007 Opinion in TTAB proceedings Cancellation No. 92/045,173 (DE 73-3 at 117-129) | FRE 104(b), 401, 402, 403, 602, 701, 802, 901, 1005; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; constitutes inadmissible opinion, hearsay not subject to any exception, is unauthenticated and not certified. | | | | |
| 115. | Docket in TTAB proceedings Cancellation No. 92/045,173 (DE 73-3 at 113-115) | FRE 401, 402, 403, 901, 1005; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; document is not authenticated or certified. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 116. | Docket in TTAB proceedings Cancellation No. 92/050,014 (DE 73-4 at 2-4) | FRE 401, 402, 403, 901, 1005; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; document is not authenticated or certified. | | | | |
| 117. | January 21, 2008 email from John Cafiero to Mikey Seitis (Bates No. Cyclop_000333-334) | | | | | |
| 118. | August 11, 2011 email exchange between Chuck Bernal, Greg Siegel, and Paul McGuigan (Bates No. Cyclop_000335-337) | FRE 104(b), 403, 602, 701, 802, 901; Document is not supported by any evidence of the statements therein; constitutes inadmissible opinion and hearsay not subject to any exception; is not authenticated | | | | |
| 119. | October 8, 2011 Article entitled "Riot Fest, Danzig Legacy at the Congress Theater: Live Review" by Jake Austen (Bates No. Cyclop_000340-341) | FRE 104(b), 403, 602, 701, 802, 901; Document is not supported by any evidence of the statements therein; constitutes inadmissible opinion and hearsay not subject to any exception; is not authenticated. | | | | |
| 120. | Songkick posting for October 31, 2011 concert at Gibson Amphitheater | FRE 104(b), 403, 602, 701, 802, 901; Document is not supported by any evidence of the statements therein; | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | for "Misfits, Samhain, Danzig" (Bates No. Cyclop_000338-339) | constitutes inadmissible opinion and hearsay not subject to any exception; is not authenticated. | | | | |
| 121. | May 18, 2012 email from Chuck Bernal of Artist Worldwide to John Cafiero (Bates No. Cyclop_000342-343) | FRE 104(b), 403, 602, 701, 802, 901; Document is not supported by any evidence of the statements therein; constitutes inadmissible opinion and hearsay not subject to any exception; is not authenticated. | | | | |
| 122. | March 21, 2014 email exchange between Curtis B. Krasik and Paul Supnik (DE 73-4 at 6-7) | FRE 401, 402, 403, 602, 701, 802, 901; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; document is not authenticated. | | | | |
| 123. | May 27, 2014 Order suspending TTAB proceedings (DE 73-4 at 9-10) | FRE 401, 402, 403, 602, 701, 802, 901, 1005; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; document is not authenticated or certified. | | | | |
| 124. | January 9, 2015 email string between Vijay Kumar, John Cafiero, and Angela Davis (Bates No. Cyclop_000344-345) | FRE 104(b), 401, 402, 403, 602, 701, 802, 901; Document is not supported by any evidence of the statements therein; constitutes inadmissible opinion and hearsay not subject to any exception; is not authenticated. | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 125. | Plaintiff's January 28, 2015 Responses to Defendants' First Set of Requests for Production of Documents (DE 73-4 at 12-33) | FRE 401, 402, 403; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice. | | | | |
| 126. | Plaintiff's January 28, 2015 Responses to Defendants' First Set of Interrogatories (DE 73-4 at 35-48) | FRE 401, 402, 403; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice. | | | | |
| 127. | February 12, 2015 Certificate of Non-Appearance of Glenn Danzig (DE 73-4 at 50-68) | FRE 401, 402, 403, 701; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; Defendants' contention that plaintiff was required to appear at his deposition is inadmissible opinion; see Motion in Limine No. 3. | | | | |
| 128. | *Color print of cover page for the Classic Cliffhanger Serial "The Crimson Ghost" | | | | | |
| 129. | * U.S. Trademark Registration No. 3,081,865 for "Danzig Skull" design | FRE 104(b), 401, 402, 403; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; Document is not | | | | |

| Ex. | Description | Objection | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| | | authenticated or certified; Plaintiff's Motion in Limine No. 1 | | | | |
| 130. | *Enlarged image of the "Danzig Skull" design | FRE 104(b), 401, 402, 403; Document is not relevant to any issue and is likely to confuse jury, waste time, and cause undue prejudice; Document is not authenticated or certified; Plaintiff's Motion in Limine No. 1 | | | | |

Pursuant to Local Rule 5-4.3.4, the undersigned attests that all other signatories listed herein, and on whose behalf this filing is being submitted to this Court, concur in the filing's content and have authorized the filing pursuant to electronic mail exchange this date.

DATED:  April 6, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: _____

HOWARD E. KING
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff and Counter-Defendant
GLENN DANZIG

3421.065/874277.4

52

1  DATED:  April 6, 2015              K&L GATES LLP

2

3

4                                     By:  _____/s/_____

5                                          CURTIS B. KRASIC
                                           CHRISTOPHER M. VERDINI
6                                          SETH A. GOLD
                                           CHRISTINA N. GOODRICH
7                                     Attorneys for Defendant GERALD CAIAFA
                                      and Defendant and Counterclaimant
8                                     CYCLOPIAN MUSIC, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2   I hereby certify that on April 6, 2015, I electronically filed the foregoing

3 **JOINT TRIAL EXHIBIT LIST** with the Clerk of the Court by using the CM/ECF

4 system.  I certify that all participants in the case are registered CM/ECF users and

5 that service will be accomplished by the CM/ECF system.

6

7

              Yvette T. Toko

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28