KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiff and Counter-Defendant GLENN DANZIG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GLENN DANZIG, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>GERALD CAIAFA, an individual; CYCLOPIAN MUSIC, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. CV14-02540 RGK-RZx<br>Hon. R. Gary Klausner<br><br>**JOINT TRIAL WITNESS LIST**<br><br>**Jury Trial:**<br>Date:　May 5, 2015<br>Time:　9:00 a.m.<br>Ctrm.:　850<br><br>Action Filed:　April 3, 2014<br>Trial Date:　　May 5, 2015 |

TO THE HONORABLE COURT:

Plaintiff GLENN DANZIG and defendants GERALD CAIAFA and CYCLOPIAN MUSIC, INC. ("Cyclopian") by and through their counsel of record, hereby submit their Joint Witness list for trial:

/ / /

/ / /

/ / /

/ / /

/ / /

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| 1. | Glenn Danzig c/o King, Holmes, Paterno & Berliner, LLP | **Plaintiff's Statement**: Mr. Danzig will testify concerning his role in the creation of the Classic Misfits, its Music and its related logos and artwork, including his creation of the Misfits Skull logo; the association and use of the Skull logo in connection with the classic Misfits; the 1994 settlement agreement; and Mr. Danzig's commercial exploitation of the Skull logo throughout the period from 1994 to the present.<br><br>If the Court permits defendants to introduce evidence of their efforts to exploit the Skull logo commercially, Mr. Danzig will testify concerning consumer confusion that he is the source of defendants' products.<br><br>Mr. Danzig's testimony is unique because he is a percipient witness to and was a participant in the matters and transactions as to which he will testify and the testimony will not be duplicative of other testimony that he will be presenting.<br><br>**Defendants' Statement**: Defendants and Counter-claimant will question Mr. Danzig regarding the counterclaim against him for unfair competition, including, *inter alia*, his use of the Misfits marks in connection with Danzig | 3 hours | 6 hours |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| | | and/or Samhain concerts. Defendants and Counter-claimant will question Mr. Danzig about his intent, state of mind, ill-gotten gains, profits, and related matters. They will also question him about agreements with Live Nation. Defendants and Counter-claimant will cross-examine Mr. Danzig on his direct examination. | | |
| 2. | Diana Gresham-Corpus (percipient witness and non-retained expert) c/o King, Holmes, Paterno & Berliner, LLP | **Plaintiff's Statement**: Ms. Gresham-Corpus will testify concerning her experience in the merchandising industry, her duties as Executive Vice President, Retail of Live Nation Merchandise ("LNM"); the merchandising agreement between Mr. Danzig and LNM; her efforts as an executive at LNM to sell merchandise bearing the Skull design on behalf of Mr. Danzig to Hot Topic, Inc. ("Hot Topic"); Hot Topic's refusal to purchase such merchandise; defendants' failure to take any steps to prevent LNM from selling such merchandise to retailers other than Hot Topic; the volume of LNM's sales of Misfits-related merchandise, including merchandise bearing the Skull design, on behalf of Mr. Danzig; and her estimates, based on such sales and the volume of Hot Topic's business, of the revenues Mr. Danzig has lost as a result of Hot Topic's refusal to purchase | 3 hours | 5 hours |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| | | merchandise bearing the Skull design that he has licensed. Ms. Gresham's testimony is unique because she is a percipient witness to and was a participant in the matters and transactions as to which she will testify; because she has formulated certain opinions based on and in the course of her performance of her usual and customary duties at LNM; and because her testimony will not be duplicative of other testimony. **Defendants' Statement**: Ms. Gresham- Corpus is the Executive Vice President, Retail, of LNM. Plaintiff has also designated her as an expert witness in this action. Defendant and Counter-claimant will question Ms. Gresham-Corpus about her purported qualifications as an expert and the bases for any purported expert opinion.  They will also question her about her personal knowledge, if any, of the factual basis for Plaintiff's claims and defenses in this action. They will question Ms. Gresham-Corpus about LNM's agreements with Plaintiff, performance thereunder, and ongoing obligations.  Defendants and Counter-claimant will cross-examine Ms. Gresham-Corpus on her direct examination. | | |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| 3. | Cindy Levitt, Hot Topic, Inc., 18305 San Jose Ave., City of Industry, CA 91748, (626) 839-4681 | **Plaintiff's Statement**: Ms. Levitt will testify concerning her position and responsibilities as Hot Topic's senior vice president of marketing and merchandising; Hot Topic's ongoing commercial relationships with Mr. Danzig, Bravado Merchandise ("Bravado") and LNM; Hot Topic's desire to purchase merchandise bearing the Skull design from Mr. Danzig and/or his licensees; the market for such merchandise; Hot Topic's usual practices with respect to business relationships with suppliers; and her reasons for and state of mind in causing Hot Topic not to purchase Skull merchandise from Mr. Danzig's licensees.<br><br>Ms. Levitt's testimony is unique because she is a percipient witness and a managerial employee at Hot Topic responsible for supervising its business practices; she was a participant in the events and transactions as to which she will testify; and her testimony will not be duplicative of other testimony.<br><br>**Defendants' Statement**: Ms. Levitt is the Senior Vice President of Marketing and Merchandising at Hot Topic. Defendant and Counter-claimant will | 1.5 hours | 3 hours |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| | | question Ms. Levitt regarding her personal knowledge, if any, of the factual bases for Plaintiff's claims and defenses in this action.  They will question Ms. Levitt regarding Hot Topic's business dealings with Plaintiff and Defendants, Hot Topic's agreements with Plaintiff and Defendants, and Plaintiff's use of the Misfits marks and designs. Defendants and Counter-claimant will cross-examine Ms. Levitt on her direct examination. | | |
| 4. | Mikey Seitis, Hot Topic, Inc., 18305 San Jose Ave., City of Industry, CA 91748, (626) 839-4681 | **Plaintiff's Statement**:  Mr. Seitis will testify concerning his duties as assistant Rock Tee Shirt Buyer and Rock Tee Shirt Buyer at Hot Topic; his desire on behalf of Hot Topic to purchase tee shirts bearing the Skull logo licensed from Mr. Danzig; Misfits-related and other merchandise that Hot Topic purchases and has purchased from Mr. Danzig's licensees; the market for merchandise bearing the Fiend Skull; Hot Topic's purchases of merchandise bearing the Fiend Skull from defendants and their licensees; and Hot Topic's reasons and his state of mind in declining to purchase merchandise bearing the Skull logo from Mr. Danzig's licensees. | 1 hour | 3 hours |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| | | Mr. Seitis' testimony is unique because he is a percipient witness and a managerial employee at Hot Topic responsible for determining product purchases and was a participant in the events and transactions as to which he will testify; and because his testimony will not be duplicative of other testimony. **Defendants' Statement**: Mr. Seitis was the Assistant Rock Tee Shirt Buyer from 2008 to 2011 for Hot Topic. Since 2011, Mr. Seitis has served as the Rock Tee Shirt Buyer for Hot Topic. Defendant and Counter-claimant will question Mr. Seitis regarding his personal knowledge, if any, of the factual bases for Plaintiff's claims and defenses in this action. They will question Mr. Seitis about his role at Hot Topic, any interactions with Plaintiff, any interactions with Defendants, business dealings with Plaintiff, the 2003 Settlement Agreement, agreements with Plaintiff, and sales of rock tee shirts bearing the Misfits marks and designs. Defendants and Counter-claimant will cross-examine Mr. Seitis on his direct examination. | | |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| 5. | Hot Topic, Inc., Hot Topic, Inc., 18305 San Jose Ave., City of Industry, CA 91748, (626) 839-4681 | **Plaintiff's Statement**: The person most knowledgeable at Hot Topic will testify concerning the volume of Hot Topic's purchases of merchandise from defendants and their licensees; the periodic transactions by which such purchases are consummated; the different items bearing the Fiend Skull that Hot Topic has purchased from defendants and/or their licensees; and the reasons why Hot Topic has not purchased merchandise bearing the Skull design from Mr. Danzig or his licensees.<br><br>Hot Topic's testimony is unique in that it will be limited to empirical data concerning Hot Topic's purchases from defendants and, to the extent that Ms. Levitt and/or Mr. Seitis are not able to testify to them, the reasons for Hot Topic's decision not to do business with Mr. Danzig and/or his licensees.<br><br>**Defendants' Statement**: Defendants and Counter-Claimant will cross-examine Hot Topic on its direct examination. | 2 hours | 2 hours |
| 6. | Felix Sebacious, c/o King, Holmes, Paterno & Berliner, LLP | **Plaintiff's Statement**: Mr. Sebacious has been an executive at Mr. Danzig's merchandisers, Blue Grape Merchandising, Bravado, and LNM, with responsibility for | 3 hours | 4 hours |

| Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|
| | Mr. Danzig's account. He will testify concerning Mr. Danzig's exploitation of the Skull logo over the years; Mr. Danzig's business relationship with Bravado; Bravado's business relationship with Hot Topic; Bravado's efforts as Mr. Danzig's licensee to sell merchandise bearing the Skull design to Hot Topic and Hot Topic's responses to those efforts; and, to the extent not in evidence from the testimony of other witnesses, Mr. Danzig's business relationships with LNM, LNM's business relationship with Hot Topic, LNM's efforts as Mr. Danzig's licensee to sell merchandise bearing the Skull design to Hot Topic and Hot Topic's responses to those efforts; and the 2013 threats of John Cafiero to take legal action in the event that LNM in its capacity as Mr. Danzig's licensee attempted to sell merchandise bearing the Skull logo. In addition, should the Court allow defendants to introduce hearsay testimony from an unauthenticated copy of Mr. Sebacious' 2006 deposition, Mr. Sebacious will testify that the testimony was without personal knowledge and/or was speculation. | | |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| | | Mr. Sebacious' testimony is unique because he is a percipient witness and a managerial employee at Blue Grape and Bravado, and because he was a participant in the 2013 conversation with Mr. Cafiero and the other events as to which he will testify.<br><br>**Defendants' Statement**: Mr. Sebacious is the Senior Vice President, Merchandising of LNM. Defendants and Counter-claimant will question Mr. Sebacious regarding Plaintiff's purported business relationship with Hot Topic and Plaintiff's agreements LNM, performance thereunder, and ongoing obligations. Defendants and Counter-claimant will cross-examine Mr. Sebacious on his direct examination. | | |
| 7. | Paul Caiafa, address and telephone number to be provided | Mr. Caiafa will testify concerning Mr. Danzig's creation of the Skull logo and creative leadership of the classic Misfits; use of the Skull logo during the classic Misfits era, and consumer confusion concerning the source of Misfits-related merchandise, including merchandise bearing the Skull design, licensed by defendants.<br><br>Mr. Danzig will offer Mr. Caiafa's testimony in the event that Mr. Danzig and Gerald Caiafa are not | 1 hour | 1 hour |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| | | permitted to testify to the foregoing. **Defendants' Statement**: Defendants and Counter-Claimant reserve all rights with respect to Plaintiff calling this witness including the right to cross-examine Mr. Caiafa on his direct examination. | | |
| 8. | Gerald Caiafa, c/o K&L Gates LLP | **Plaintiff's Statement**: Mr. Caiafa will testify concerning the parties' 1994 agreement to co-own the Skull logo; misrepresentations he made or that were made on his behalf that his company, Cyclopian owned the exclusive rights to the Skull design; his failure to take any steps to cause retailers other than Hot Topic to purchase merchandise bearing the Skull logo from Mr. Danzig and/or his licensees; and his profits from sales of merchandise bearing the Skull logo to Hot Topic. Mr. Caiafa's testimony will be unique because he is a percipient witness and was a participant in the events and transactions as to which he will testify. **Defendants' Statement**: Mr. Caiafa will testify regarding the 1994 Settlement Agreement with Plaintiff and 2003 | 3 hours | 4 hours |

| | Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|---|
| | | Settlement Agreement with Hot Topic, Inc. ("Hot Topic"). He will also testify regarding Cyclopian's rights in the Misfits marks. | | |
| 9. | John Cafiero, c/o K&L Gates, LLP | **Plaintiff's Statement**: Mr. Cafiero will testify concerning the misrepresentations he made that Cyclopian owned the exclusive rights to the Skull design; his failure to take any steps to cause retailers other than Hot Topic to purchase merchandise bearing the Skull logo form Mr. Danzig and/or his licensees; his threats to Mr. Sebacious; and Cyclopian's profits from sales of merchandise bearing the Skull logo to Hot Topic. Mr. Cafiero's testimony will be unique because he is a percipient witness and was a participant in the events and transactions as to which he will testify, and is responsible for Cyclopian's business affairs. **Defendants' Statement**: Mr. Cafiero will appear individually and as a corporate representative for one of the defendants and Counter-claimant in this action—Cyclopian. Mr. Cafiero will testify | 2 hours | 6 hours |

KING, HOLMES, PATERNO & BERLINER, LLP

3421.065/874544.1

11

| Witness (Name, Address, Telephone Number) | Area of Testimony and What Makes Testimony Unique | Plaintiff Time Est. | Defendant Time Est. |
|---|---|---|---|
| | regarding Cyclopian's rights in the Misfits marks, and the 2003 Settlement Agreement with Hot Topic (along with the conduct that led to it). He will also testify regarding Plaintiff's use of the Misfits marks in connection with Danzig and/or Samhain concerts and the confusion and damages caused by Plaintiff's unfair competition. Mr. Cafiero will also testify regarding the TTAB cancellation proceedings as they relate to the matters alleged in this action. He will also testify regarding profits, lost profits, and other damages. | | |

Pursuant to Local Rule 5-4.3.4, the undersigned attests that all other signatories listed herein, and on whose behalf this filing is being submitted to this Court, concur in the filing's content and have authorized the filing pursuant to electronic mail exchanged this date.

DATED: April 6, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: /s/ Stephen Rothschild
HOWARD E. KING
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff and Counter-Defendant
GLENN DANZIG

| | | |
|---|---|---|
| 1 | DATED:  April 6, 2015 | K&L GATES LLP |
| 2 | | |
| 3 | | |
| 4 | | By: _____/s/_____ |
| 5 | | CURTIS B. KRASIC |
| | | CHRISTOPHER M. VERDINI |
| 6 | | SETH A. GOLD |
| 7 | | CHRISTINA N. GOODRICH |
| | | Attorneys for Defendant GERALD CAIAFA |
| 8 | | and Defendant and Counterclaimant |
| | | CYCLOPIAN MUSIC, INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2015, I electronically filed the foregoing **JOINT TRIAL WITNESS LIST** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Yvette T. Toko

KING, HOLMES,
PATERNO &
BERLINER, LLP

3421.065/874544.1